Gerald GREEN and Janet
Green, Appellants,

v.

Joan C. PARRACK, Appellee.

No. 04–96–00899–CV.

Court of Appeals of Texas,
San Antonio.

April 29, 1998.

Darrell G. Stewart, Richard H. Klitch, Jr., Klitch & Stewart, P.C., San Antonio, for appellants.

David·T. Cain, Law Office of David Thornton Cain, San Antonio, for appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Gerald and Janet Green appeal from a take nothing judgment entered in favor of Joan Parrack in a suit involving a fence line dispute. The Greens originally filed suit against Parrack because Parrack constructed a fence which allegedly encroached on the Greens's property. The trial court determined that Parrack's fence did encroach on the Greens's property, but nevertheless, entered a take-nothing judgment against the Greens. In six points of error, the Greens contend that the evidence is legally and factually insufficient to support the trial court's findings, that the trial court erred in refusing to apply the principles of res judicata to the present case and in considering Parrack's affirmative defense of laches, and that the trial court applied incorrect theories of law to the facts of this case. In six cross points of error, Parrack contends that the trial court erred in applying the principles of res judicata to her affirmative defenses, and that the evidence is legally and factually insufficient to support the trial court's findings.[1] We reverse the trial court's judgment and remand this case to the trial court for a determination of damages.

## FACTUAL AND PROCEDURAL BACKGROUND

The Greens and Parrack live on adjacent residential lots. Before this dispute began, a

---

1. Because the parties' points of error appear to be inconsistent, we note that findings of fact and conclusions of law, explaining the trial court's judgment, were filed after the original briefs were filed in this case.

tall split-rail fence divided the backyards of the two houses. The fence had been in existence since 1969. Neither party was aware that the fence encroached approximately eight inches on the Greens's property as it ran toward the back of the lots. However, in 1992, the Greens built a small three foot high fence on the front half of their property along the property line. The front fence illustrated the back fence encroachment because the two fences did not meet flush.

Parrack sued the Greens in an unrelated action (prior litigation), claiming that the new "front fence" encroached on her property. Parrack asserted that, because her back fence had encroached on eight inches of the Greens's property since 1969, she had a right to eight inches of the Greens's property along the entire common boundary line under theories of adverse possession, agreement, acquiescence, prescriptive easement, and estoppel. The trial court ordered a take-nothing judgment in favor of the Greens.

Approximately three months after the judgment in the prior litigation was entered, Parrack replaced her back fence. The new fence consisted of a concrete foundation with steel posts and wooden slats. The Greens filed this suit under the Texas Declaratory Judgment Act, seeking the removal of Parrack's new fence. The Greens contend that the new fence encroaches an additional thirteen inches onto their property, resulting in a total encroachment of twenty-one inches.

Following a bench trial, the trial court entered a take-nothing judgment in favor of Parrack. The trial court found that Parrack's new back fence encroached 21.6 inches onto the Greens's property, 13.6 inches more than the original back fence. However, the court found that Parrack's fence would be expensive and difficult to move. Accordingly, the trial court relied on the theory of *de minimus non curat lex* in finding that an encroachment of less than two feet is not material on an approximately sixty-seven foot lot. The trial court further held that the Greens were barred by laches and the doctrine of "clean hands" from complaining of the new back fence.

## ARGUMENT AND AUTHORITY

### A. Res Judicata

█ The trial court held that Parrack was precluded from raising affirmative defenses of adverse possession, agreement, acquiescence, prescriptive easement, and estoppel by the take-nothing judgment entered against her in the prior litigation. In their first point of error, the Greens contend that Parrack's affirmative defenses should have been barred by the doctrine of res judicata. Because the Greens's position is consistent with the trial court's findings, their first point of error is moot. However, in four cross points of error, Parrack contends that the Greens's waived their right to rely upon res judicata in this case, that res judicata does not apply to the facts of this case, and that the trial court erred as a matter of law in failing to find that Parrack had ownership of an eight inch portion of the Greens's property by virtue of adverse possession, agreement, or acquiescence.

As to Parrack's assertion of waiver, we acknowledge that the Greens failed to raise the affirmative defense of res judicata by pleading. Generally, res judicata must be pled or be waived. TEX.R. CIV. P. 94; *see In Interest of Striegler,* 915 S.W.2d 629, 640 (Tex.App.—Amarillo 1996, writ denied); *Newman v. Link,* 866 S.W.2d 721, 727 (Tex. App.—Houston [14th Dist.] 1993, writ denied). However, "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TEX.R. CIV. P. 67; *see Sage Street Assoc. v. Northdale Const. Co.,* 863 S.W.2d 438, 445 (Tex.1993); *City of Los Fresnos v. Gonzalez,* 848 S.W.2d 910, 912 (Tex.App.—Corpus Christi 1993, no writ). In this case, the Greens argued the issue of res judicata at trial and presented the trial court with case law in support of their position. Parrack did not object to the lack of pleadings, but responded to the Greens's argument in kind. Under these circumstances, we find that the issue of res judicata was tried by consent. *See* id. Parrack's first cross point of error is overruled.

■ In her second cross point of error, Parrack contends that the trial court erred in finding that she was precluded from asserting her affirmative defenses of adverse possession, agreement, and acquiescence by the judgment entered against her in the prior litigation. Parrack then spends a substantial portion of her brief arguing, via her third cross point of error, that she established, as a matter of law, her ownership of the eight inch strip of land between her property and the Greens's property by proving either adverse possession, agreement, or acquiescence. Finally, in her fourth cross point of error, Parrack contends that her burden of proving her affirmative defenses as they relate to the eight inch strip is waived by the fact that the Greens judicially admitted that Parrack owns the eight inch strip.

■ Res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992)); *see Gracia v. RC Cola–7Up Bottling* Co., 667 S.W.2d 517, 519 (Tex.1984); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). The doctrine of res judicata is necessary to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, prevent double recovery, and promote judicial economy. *Id.* at 629.

Parrack argues that the present case and prior litigation presented neither the same subject matter nor the same issues. According to Parrack, the subject matter of the prior litigation was the Greens's front fence, while the subject matter of the present case is Parrack's back fence. We disagree. The subject matter of both suits is the location of the boundary line between Parrack's property and the Greens's property. In fact, Parrack made no distinction between the front half and the back half of the property at issue in the original petition she filed in the prior litigation. Instead, she claimed ownership of an eight inch strip along the *entire* eastern boundary of her property by virtue of adverse possession, agreement, acquies-

cence, prescription, and estoppel. She sought "judgment for the title and possession of" the entire eight inch strip. Further, even if Parrack was only seeking a declaration of ownership regarding the eight inch strip running between the front portions of the properties at issue, she was doing so based upon assertions of her right to the eight inch strip running between the back portions of the properties.

The trial court's judgment in the prior litigation reflects that the issue of ownership of the eight inch strip of land was resolved against Parrack on all theories of recovery. Accordingly, any dispute regarding ownership of the eight inch strip of land running between the Greens's and Parrack's properties was fully and conclusively adjudicated in the prior litigation. Parrack has no right to relitigate her claim to ownership of the eight inch strip of land in any capacity. The trial court was, therefore, correct in determining that Parrack is precluded from reasserting her claims of adverse possession, agreement, and acquiescence. Parrack's second cross point of error is overruled. And, for the same reasons, Parrack's third and fourth cross points of error are likewise overruled.

## B. Laches

■ In its findings of facts and conclusions of law, the trial court held that "[b]y failing to speak out at the time the new back yard fence was constructed, the Greens are barred by laches from complaining as to the fence location." The Greens contend that the trial court erred as a matter of law in applying the doctrine of laches to the facts of this case. We agree.

■ Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time. *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 912 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Two essential elements must exist in order for laches to bar a claim: (1) a party's unreasonable delay in asserting a legal or equitable right; and (2) a good faith and detrimental change of position by another because of the delay. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989). The par-

ty asserting laches has the burden of proving both of these elements. *Colton v. Silsbee State Bank,* 952 S.W.2d 625, 629 (Tex.App.—Beaumont 1997, n.w.h.). As a general rule, laches does not bar a plaintiff's suit before the statute of limitations has run unless estoppel or "extraordinary circumstances" are present. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 840 (Tex.1968).

In this case, there is no evidence of the extraordinary circumstances necessary to establish the defense of laches. The record reflects that, on February 1, 1993, a take-nothing judgment was entered against Parrack in response to her claim of ownership of the eight inch strip between her property and the Greens's property. In May of 1993, Parrack tore down the original back fence separating the two properties and began constructing a new fence that further encroached on the Greens's property. The Greens were aware of the encroachment, but were reluctant to approach Parrack because they had been previously threatened by Parrack's boyfriend in regard to disputes over the property line. Approximately one year later, the Greens's contacted their city councilman, the mayor, and an attorney regarding Parrack's fence. Continued correspondence with Parrack resulted in the filing of this suit.

■ Under these facts, we find that Parrack failed to satisfy the burden of proof necessary to establish her affirmative defense of laches. Particularly, Parrack was aware, by virtue of the take-nothing judgment entered against her in the previous litigation, that she had no right of ownership in the eight inch strip of land, much less in almost fourteen additional inches of the Greens' property. Accordingly, Parrack cannot demonstrate that she made a good faith change in her position in reliance on the Greens' failure to complain about the location of the fence at the time it was constructed. Parrack's actions in constructing the new fence were not made in good faith, but in direct violation of the terms of a judgment against her. "Laches does not apply where the defendant has acted in open and known hostility to a plaintiff's rights and had not been misled by the plaintiff's apparent acqui-

escence.... The law does not demand the utmost exertion of diligence in repelling a hostile invasion of one's rights deliberately undertaken with full knowledge of all the facts." *City of Houston v. Muse,* 788 S.W.2d 419, 423 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Moreover, it is well-settled that laches is not a defense to a claim of title. *Rogers,* 772 S.W.2d at 80; *Eland Energy, Inc. v. Rowden Oil & Gas, Inc.,* 914 S.W.2d 179, 188 (Tex.App.—San Antonio 1995, writ denied); *Smoot v. Woods,* 363 S.W.2d 798, 802 (Tex. Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). Parrack is not, therefore, entitled to assert laches as an affirmative defense to the Greens's claim of right to title in the twenty-one inch strip of land upon which Parrack's new fence sits. Accordingly, the trial court erred in finding that the Greens's claims are barred by laches. The Greens's second point of error is sustained.

### C. Sufficiency of the Evidence

■ In their third point of error, the Greens contend that the evidence proves, as a matter of law, that Parrack constructed her new back fence so that it encroached on the Greens's property. Because the trial court did find that "the New Backyard Fence encroaches at an˜ angle on the Green's [sic] property 1.8 feet (21.60 inches) at the front portion of the backyard, 13.60 inches of encroachment more than the Prior Backyard Fence according to surveys admitted [into evidence], which accurately represent the boundary line and fence locations between the Green's [sic] and Mrs. Parrack's property at the time of the survey," the Greens's third point of error is moot. We will, however, consider the sufficiency of the evidence as it relates to Parrack's fifth and sixth cross points of error, by which Parrack contends that the evidence establishes that the new back fence was placed in the exact location as the old back fence and that the new back fence does not encroach on the Greens's property. Parrack contends that the trial court's contrary findings are neither legally nor factually supported by the evidence.

When the trial court's findings of fact and conclusions of law are challenged on appeal,

we review the legal and factual sufficiency of the evidence in support of the findings in the same manner that we review a jury's findings in a jury trial. *Escobar v. Escobar,* 728 S.W.2d 474, 475 (Tex.App.—San Antonio 1987, no writ). In reviewing the legal sufficiency of the evidence, we consider only the evidence and inferences that tend to support the findings and disregard all evidence and inferences to the contrary. *Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992). If there is at least some evidence to support the findings, the legal sufficiency challenge fails. *See Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). In reviewing the factual sufficiency of the evidence, we must consider all evidence in the record, both in support of and contrary to the findings. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986). We will reverse the findings only if the evidence is so weak as to render them manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

At the trial of this matter, Henry Kuehlem testified for the Greens. Kuehlem is a registered professional land surveyor who performed two surveys of the Greens's lot and one survey of Parrack's lot. These surveys were introduced into evidence, along with testimony by Kuehlem regarding the processes and procedures he used in completing the surveys. The first survey, completed January 28, 1992, indicates that a wooden fence, separating the Greens's and Parrack's back yards, sits approximately .72 feet, or 8 inches, inside of the Greens's lot. The second survey, completed June 16, 1993, indicates that a concrete curb and fence, separating the Greens's and Parrack's back yards, sits 1.8 feet, or 21.6 inches, inside the Greens's lot. Finally, the third survey, dated October 4, 1995, likewise indicates that a concrete curb and fence encroaches 1.8 feet onto the Greens's lot. Based upon his surveys, Kuehlem testified that the fence described in the 1992 survey and the fence described in both the 1993 and 1995 surveys are not in same location.

To the contrary, Parrack offered the testimony of Gary Winkler, her housemate, and Sam Winkler, his father, both of whom constructed her new back fence. The Winklers testified extensively regarding the methods they used for placing and constructing the new fence. The gist of their testimony is that the new fence was placed in the exact location of the old fence, and that, therefore, the new fence could not encroach upon the Greens's property any more than the old fence had.

In a nonjury case, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Thomas v. Thomas,* 852 S.W.2d 31, 34 (Tex. App.—Waco 1993, no writ). The court, as trier of fact may believe one witness and disbelieve others, it may resolve inconsistencies in the testimony of any witness, and it may accept lay testimony over that of experts. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). In spite of Parrack's evidence, the trial court specifically based its finding that Parrack's new back fence encroaches on the Greens's property on Kuehlem's surveys. The surveys, along with Kuehlem's testimony, present more than sufficient evidence to support the trial court's finding of encroachment. In fact, the surveys clearly demonstrate that the new fence is not, as Parrack suggests, in the exact location as the old fence and that the new fence encroaches more than 8 inches onto the Greens's property. Parrack's fifth and sixth cross points of error are overruled.

### D. Good Fences, Good Neighbors, and De Minimus Non Curat Lex

In their fourth point of error, the Greens contend that the trial court erred as a matter of law in failing to grant them the remedies they sought, including removal of the encroaching fence, an injunction against future encroachments, and attorney's fees. The trial court's refused to grant the remedies sought on two bases. We discuss them in turn.

First, the trial court based its holding that the Greens were not entitled to relief, in spite of Parrack's encroachment onto their property, partly on its finding that "a good fence in south Texas makes good neighbors and Ms. Parrack built a good fence that would be expensive and difficult to remove." In their fifth point of error, the

Greens argue that the trial court erred in making such a finding. We agree because we find no legal basis for the trial court's statement. The issue in this case is not the quality of the fence, but the integrity of the Greens's property rights as established in a judgment entered in the prior litigation. Parrack acted in direct contravention of the judgment entered against her in the prior litigation. Such action should not be rewarded. The Greens' fifth point of error is sustained.

 The trial court further based its decision to deny the Greens their requested relief on the infrequently used legal theory of *de minimus non curat lex*. Under this theory, the trial court held that an encroachment of less than two feet is not material on an approximately sixty-seven foot wide residential lot. *De minimus non curat lex* stands for the proposition that the law does not care for, or take notice of, very small or trifling matters. BLACK'S LAW DICTIONARY 388 (5th ed.1979). The doctrine has been invoked to excuse minor deviations from the letter of the law. *Anguiano v. Jim Walter Homes, Inc.*, 561 S.W.2d 249, 255 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.) (holding doctrine inapplicable where a contract was not properly designated pursuant to statute); *see, e.g., Yates Ford, Inc. v. Ramirez*, 692 S.W.2d 51, 54–55 (Tex.1985) (citing consumer credit cases in which the *de minimus* doctrine was applied to damages ranging from nine cents to $7.56); *Leonard & Harral Packing Co. v. Ward*, 883 S.W.2d 337, 344 (Tex.App.—Waco 1994)(concluding that $1.45 difference between requested damages and jury award was *de minimus*), *rev'd on other grounds*, 937 S.W.2d 425 (1996); *Smith v. Stevens*, 822 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (finding any error harmless where damages equaled $3.55); *HSAM, Inc. v. Gatter*, 814 S.W.2d 887, 892 (Tex.App.—San Antonio 1991, writ dism'd by agr.) (finding *de minimus* doctrine applied where actual damages were approximately two cents); *Thornhill v. Sharpstown Dodge Sales, Inc.*, 546 S.W.2d 151, 153 (Tex.Civ.App.—Beaumont 1976, no writ) (applying *de minimus* doctrine where maker of note alleged forty-two cent overcharge over a period of forty-two months); *Lewis v. Lewis*, 125 S.W.2d 375, 381 (Tex.Civ.App.—Fort Worth 1939, writ ref'd) (holding judgment $27 in excess of verdict not reversible under doctrine of *de minimus non curat lex* ).

In the present case, the issue is much more than a few dollars and cents. There is no comparison between the cases cited above and this one, where the damages at issue consist of the loss of use of almost two feet of private property. The value of that land could not be *de minimus* when compared to the amounts at issue in the above cited cases, and its misappropriation should not be condoned by the law simply because it happens to constitute only three percent of a residential lot. The erroneous application of the *de minimus* doctrine in this case is exacerbated by the fact that the fence at issue was constructed in blatant violation of the court's judgment in the prior litigation. Specifically, at the time the fence was constructed, Parrack was aware that she did not have legal title to the eight inch strip running between her lot and the Greens's lot, much less to a twenty-one inch strip. Such disrespect for the law should not be rewarded through the use of an inapplicable legal doctrine. The Greens's sixth point of error is sustained.

## CONCLUSION

We conclude as follows: (1) Parrack is barred by principles of res judicata from reasserting her claim of ownership in the eight inch strip of land between her lot and the Greens's lot by virtue of adverse possession, agreement, and/or acquiescence; (2) the trial court erred in finding that the Greens's claims are barred by laches; (3) the evidence is sufficient to support the trial court's finding that Parrack's new back fence encroaches, at an angle, onto the Greens's property 1.8 feet, or 21.60 inches, at the front portion of the Greens's backyard; and (4) the trial court erred in failing to award the Greens the relief they requested. Accordingly, we reverse the trial court's judgment and remand this case for entry of a judgment consistent with this opinion.