NO. 12-00-00368-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BIG M CONSTRUCTION COMPANY, INC.,
§
 APPEAL FROM THE FOURTH

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


MACHINERY TRANSPORT, INC.,

APPELLEES
§
 RUSK COUNTY, TEXAS

 

 Big M Construction Co., Inc. sued Machinery Transport, Inc. for breach of contract and
contribution or indemnity for damages it paid to Tallyho Plastics, Inc. pursuant to a judgment
rendered against both Big M and Machinery Transport in a prior lawsuit. In a bench trial, Big M's
claims were denied. On appeal, Big M complains that, among other things, the trial court erred when
it held the second suit was barred by res judicata, and that Big M failed to plead a viable cause of
action. We affirm.


Background

 Tallyho hired Big M to set up an injection molding machine in Jacksonville, Texas. 
However, the machine first had to be transported from Omaha, Nebraska to Texas. Big M went
through a broker to hire Machinery Transport, which assumed responsibility for transporting the
machine. On the way, the driver was involved in an accident, and the machine was severely
damaged. It was eventually transported back to Omaha. Tallyho sued Big M and Machinery
Transport. Big M filed a cross-claim against Machinery Transport for contribution or indemnity. 
The jury found against Big M, but not Machinery Transport on breach of contract. There was no
jury question concerning contribution or indemnity. Big M appealed to this court, but did not ask
that we send the case back to the trial court to address its cross-action. We held that the case was
given to the jury on the wrong theory of recovery (it should have been tried under the Carmack
Amendment, 49 U.S.C.S. § 10101 et seq.), but we also held that it was harmless since the measure
of damages was substantially the same as under a breach of contract claim. Further, we substituted
our finding that Machinery Transport was also liable for the damages caused to the machine, since
it was conclusively proven that Machinery Transport failed to comply with the agreement to
transport the machine to Jacksonville. We also held that Machinery Transport was jointly and
severally liable to Tallyho for those damages. Tallyho Plastics, Inc. v. Big M Construction Co. et
al., 8 S.W.3d 789 (Tex. App.-Tyler, 1999, no pet.). 

 Big M paid the judgment, but Machinery Transport refused to reimburse Big M for any
portion of the $142,758.00. Big M filed suit in Rusk County (the original suit was brought in
Cherokee County). In its findings of fact & conclusions of law, the trial court found that Machinery
Transport did not plead the defense of res judicata, but that it did make several objections to the
introduction of evidence concerning the issue of responsibility for the accident - ergo, it was tried
by implied consent, and Big M is consequently barred from seeking to require Machinery Transport
to pay some or all of the judgment Tallyho recovered from Big M in the Cherokee County case. The
trial court went on to find that even if not barred by res judicata, Big M could not recover because
Big M's claims are preempted by the Carmack Amendment, and Big M did not plead the Carmack
Amendment, but instead pleaded common law contribution or indemnity based upon breach of
contract.

 Trial by Implied Consent

 In issue seven, Big M complains that the trial court erred in finding that Machinery
Transport's affirmative defense of res judicata was tried by implied consent and in finding that the
Cherokee County case was res judicata as to the present action. We acknowledge that Machinery
Transport failed to raise the affirmative defense of res judicata by pleading. Generally, res judicata
must be pleaded or be waived. Tex. R. Civ. P. 94; Green v. Parrack, 974 S.W.2d 200, 202 (Tex.
App.-San Antonio 1998, no pet.). However, "when issues not raised by the pleadings are tried by
express or implied consent of the parties, they shall be treated in all respects as if they had been
raised in the pleadings." Tex. R. Civ. P. 67; Mastin v. Mastin, 2001 Tex. App. LEXIS 5891, at *10
(Tex. Aug. 29, 2001). Trial by consent is intended to cover the exceptional case where it clearly
appears from the record as a whole that the parties tried the unpleaded issue. Mastin, at *11. To
determine whether the issue was tried by consent, the court must examine the record not for evidence
of the issue, but rather for evidence of trial of the issue. Id. The trial court has broad discretion in
determining whether an unpleaded claim has been tried by implied consent of the parties. Whatley
v. Dallas, 758 S.W.2d 301, 306 (Tex. App.-Dallas 1988, writ denied). The trial court is to exercise
that discretion liberally in favor of justice. Id. 

 In Mastin v. Mastin, the affirmative defense of lack of notice of intent to accelerate a debt
was not pleaded. However, the Supreme Court held that lack of notice was tried by implied consent
because, for one, the issue was brought to the attention of the trial court during the bench trial. Also,
when the plaintiff introduced the mortgage statement into evidence, the defendant objected to the
attempt to accelerate on the basis that he was not given proper notice. The plaintiff responded to the
defendant's argument. The Court held that there was not simply evidence of lack of notice, but that 

it was clear in the record that, under these circumstances, the issue was actually tried. Id. at *11-12. 

Application of Law to Facts of this Case

 In the instant case, Machinery Transport objected twice to questions regarding the assignment
of responsibility for the damage to the machine. The first objection is as follows:


 I'm going to object to that, Your Honor. As the Court is aware, our position in this case is one of -
the fact that - the undisputed fact that these issues that Mr. Fenley is talking about now, such as
responsibility and who's at fault and who's not at fault have already been tried and decided by a jury
in Cherokee County. In fact, we're prepared to offer up to the Court, when it's our time to present our
case in chief, the Charge of the court in that case clearly reflecting the jury's findings on all these
issues; therefore, I object to this question and to this line of questioning as to who's responsible for
what damage. That's already been tried and decided. 



Machinery Transport also lodged the following objection:



 Object, Your Honor. That's been tried and decided. There's absolutely no finding against the driver
or Machinery Transport to attribute any damage to this piece of equipment.



Of even more import to the issue of implied consent is Big M's response to Machinery Transport's
first objection:


 Your Honor, the case was tried, decided, appealed, and the Court of Appeals specifically determined
that Machinery Transport was joint and severally liable for the damages to the piece of equipment to
Tallyho. This case is based on the contribution theory in that Big M has paid the damages, and
because Machinery Transport is jointly and severally liable, that they are responsible for all or at least
a portion of the damages that have been paid under that judgement, because they were jointly and
severally liable.


 Under theories of contribution, we have a quasi equitable subrogation for a nontort in contract, which
permits us to either take a pro rata basis for the responsibility, or try and determine the issues of
responsibility for the Court to determine as to what amount that they're responsible for. In presenting
the testimony, we're entitled to present the testimony about who had custody, possession and control
for the Court to make a decision, how much in excess of the reasonable amount Big M paid and how
much Machinery Transport should have to pay, because they were joint and severally liable for the
damages. That's why this particular line of questioning is important for the Court's decision to
determine what that basis is.



It is clear that the gist of Big M's argument was that the jury's findings and the previous judgment
were of no consequence and thus res judicata holds no sway, since this court, in the appeal of the
Cherokee County judgment, held both Big M and Machinery Transport jointly and severally liable
for the damages.

 In addition to the objections and response to objections, the trial court took judicial notice
of the Charge from the Cherokee County trial. Furthermore, Machinery Transport introduced the
pleadings in the Cherokee County case, including Big M's cross-claim for contribution and
indemnity, the Charge of the Court and the Judgment in that case. Big M objected to none of this
evidence. Thus, based upon the record as a whole, we hold that the trial court did not abuse its
discretion when it found that the affirmative defense of res judicata was tried by implied consent.


Res Judicata

 Big M asserts that judgment was improperly granted on the basis of res judicata. 
Specifically, it argues that the claim for indemnity or contribution could not have been asserted in
the Cherokee County trial because the claims had not yet accrued. The principle of res judicata
precludes relitigation of claims that have finally been adjudicated or that arise out of the same subject
matter and could have been litigated in the prior action. Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996). A party asserting res judicata must prove (1) a prior final judgment on the
merits by a court of competent jurisdiction, (2) an identity of parties or those in privity with them,
and (3) a second action based on the same claims as were raised or could have been raised in the first
action. Id. Big M does not argue that the first two elements of res judicata are not present in this
case. Therefore, we will discuss only the third element.

Second Action Based Upon Same Claims

 The Supreme Court has specifically held that an indemnity claim will be barred if the
indemnitee sought the same relief by cross-claim in the underlying case. Ingersoll-Rand Co. v.
Valero Energy Corp., 997 S.W.2d 203, 208-9 (Tex. 1999); see also State and County Mutual Fire
Ins. Co. v. Miller, 2001 Tex. LEXIS 2, at *6 (Tex. Jan. 18, 2001)(res judicata acts to bar a party's
claim in a subsequent suit if the co-parties had "issues drawn between them" in the first action; the
filing of a cross-action by one co-party against another co-party in the first action serves the function
of drawing the issues between the co-parties); Getty Oil v. Ins. Co. of North America, 845 S.W.2d
794, 799-800 (Tex. 1992)(indemnitee barred by res judicata from maintaining a claim against an
indemnitor because indemnitee had sought the same relief under a different theory in an earlier suit). 
 In the Cherokee County suit, Big M cross-filed against Machinery Transport for indemnity
and contribution. In its appeal to this court, Big M failed to appeal its cross-claim, which could have
and should have been tried in the Cherokee County case. Big M's failure to pursue its contribution
or indemnity claims to a final conclusion in the Cherokee County case bars it from re-asserting these
same claims in the subsequent Rusk County action based upon principles of res judicata. We hold,
therefore, that res judicata bars Big M's claims against Machinery Transport in the instant case, and
overrule issue seven.


Carmack Amendment 

 In issue five, Big M asserts that the trial court erred when it found that Big M had not pleaded
for relief under the Carmack Amendment. We disagree. In the appeal of the Cherokee County
judgment, we held that the parties were governed by the Carmack Amendment. Tallyho Plastics,
Inc., 8 S.W.3d at 793. If a transaction is governed by the Carmack Amendment, state and common
law causes of action involving the same transaction are preempted by the federal statute. Accura
Systems, Inc. v. Watkins Motor Lines Inc., 98 F.3d 874, 876 (5th Cir. 1996); Moffit v. Bekins Van
Lines, 6 F.3d 305, 307 (5th Cir. 1993). In the instant case, Big M pleaded common law contribution
and breach of contract. It claimed a right of indemnity only in its damage paragraph. And in a
review of the whole record, we see no evidence that the Carmack Amendment was tried by implied
consent. Therefore, Big M's claims against Machinery Transport fail because it did not plead the
Carmack Amendment. Consequently, we overrule issue five. 

 Because we hold that Big M's claims against Machinery Transport are barred by res judicata
and/or failure to plead the Carmack Amendment, it is unnecessary to address Big M's additional
issues. We affirm the judgment of the trial court.


 JIM WORTHEN 

 Justice



Opinion delivered September 28, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















(DO NOT PUBLISH)