



# MEMORANDUM OPINION

No. 04-10-00876-CV

Lawrence J. **FLUME** Jr., and Carolyn F. Clark,
Appellants

v.

Anita L. **BASSETT**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-08589
Honorable Pat Priest, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  September 14, 2011

AFFIRMED

This is an appeal from a trial court's judgment denying injunctive relief. Appellants Lawrence J. Flume Jr. and his daughter Carolyn F. Clark (collectively "Flume") filed a suit asking the trial court to require appellee Anita L. Bassett to comply with restrictive covenants applicable to the subdivision in which they resided. Specifically, Flume sought removal of an encroachment built by Bassett on a private drainage easement in her backyard. Bassett counterclaimed, contending Flume was also in violation of the restrictive covenants and had

created a cloud on her title by filing a lis pendens. After a bench trial, the trial court entered a take nothing judgment as to both Flume and Bassett and ordered each party to pay its own attorneys' fees and costs. Flume appeals the trial court's judgment claiming the trial court erred by: (1) finding Bassett's affirmative defense of laches meritorious; (2) failing to grant the injunctive relief requested by Flume; and (3) failing to award Flume attorney's fees and costs. We affirm the trial court's judgment.

## BACKGROUND

In 2007, Flume and Clark bought a lot in the Springs at Stone Oak Subdivision ("the Subdivision"). All lots in the Subdivision are subject to the recorded Declarations, Covenants, Conditions, and Restrictions ("the DCCRs"). The DCCRs prohibit encroachments and the building of structures on the private drainage easement. More specifically, an owner may not alter, change, or modify the drainage easement without prior approval from the Architectural Review Committee ("the ARC") and the City of San Antonio's City Engineer.

Flume alleged Bassett constructed not only a barrier across the easement, but flowerbeds, a hot tub, and a deck that encroached on the easement. These additions were made in 1999. Flume alleged these additions could divert water from its natural flow and could cause Flume's property, as well as downstream neighbors' properties, to flood in the event of a heavy rain. Flume alleged Bassett received conditional permission from the ARC to install the deck and hot tub as long as Bassett secured the necessary permits from the City of San Antonio. Flume alleged Bassett never acquired these permits. Flume further alleged Bassett further modified the private drainage easement by building concrete and rock retaining walls, or planters, and removing the natural vegetation and replacing it with rocks. Flume alleged Bassett did not seek the ARC's approval for these changes. Flume claimed these changes altered the private drainage

easement so much that in 2004, prior to Flume's ownership of the property, the property flooded up to the foundation/porch of the previous owner's home.

Flume sought an injunction, prohibiting Bassett "from erecting a barrier or maintaining the existing barrier or impediment so as to divert or diminish the natural flow of water from [Flume's] property onto [Bassett's] property or cause the same to be impounded and backed up onto [Flume's] property." In response, Bassett argued that because the improvements to her property were in conformity with the City of San Antonio's Unified Development Code, the trial court did not err in denying Flume's requested relief.

The trial court denied Flume's request for injunctive relief and denied Bassett recovery on her counterclaims. In a letter to both Flume's and Bassett's attorneys, the trial court stated laches applied to Flume's claims and even though Bassett's additions encroached on the drainage easement, the additions had a de minimus effect on the flow of water down the easement.

### ISSUE 1: LACHES

In his first issue, Flume contends the trial court erred by denying his injunction based on the doctrine of laches. Flume contends there was no evidence to establish laches and the ruling was against the great weight and preponderance of the evidence.

### *Standard of Review*

"Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time." *Green v. Parrack*, 974 S.W.2d 200, 203 (Tex. App.—San Antonio 1998, no pet.). Laches will bar a claim if a party unreasonably delayed in asserting a legal or equitable right which then caused a good faith and detrimental change of position by another party due to the delay. *Id.* The burden to prove these two elements is on the party asserting laches. *Id.* at 203-04.

*Analysis*

The trial court ruled in favor of Bassett based on the defense of laches because the Subdivision's homeowners' association ("HOA") and other lot owners knew about the encroachments but "sat on their rights for years," and therefore, Bassett's ability to respond to the action was severely compromised.

Bassett concedes, and we agree, laches does not apply to Flume's claims. Flume did not unreasonably delay in asserting his claim. Flume acquired the property on October 31, 2007 and filed suit on May 30, 2008. We hold a delay of less than one year is not an unreasonable delay in asserting a claim.

Accordingly, we hold the trial court erred by finding Bassett's defense of laches meritorious.

## ISSUE 2: FAILURE TO ISSUE INJUNCTION

In his second issue, Flume contends the trial court erred by failing to grant injunctive relief based on Bassett's alleged violations of the DCCRs. Bassett argues she was in compliance with the City of San Antonio's Unified Development Code, and any violation of the DCCRs would only have a de minimus effect on the flow of water down the drainage easement.

### *Standard of Review*

A trial court's decision to grant or deny an injunction is within its sound discretion. *Jim Rutherford Invs., Inc. v. Terremar Beach Cmty. Ass'n*, 25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Accordingly, we must review the trial court's action for an abuse of discretion. *Operation Rescue-Nat'l v. Planned Parenthood of Houston Se. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998). A trial court does not abuse its discretion when its decision is reasonably based on some evidence in the record, even though that evidence may be conflicting.

*Triantaphyllis v. Gamble*, 93 S.W.3d 398, 402 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

## *Analysis*

Ordinarily, to obtain injunctive relief, a party must show: "(1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law." *Jim Rutherford*, 25 S.W.3d at 849. However, when a party seeks to enforce deed restrictions, that party is not required to show proof of irreparable injury but only that the non-movant acted or intended to act in violation of the restrictive covenants. *Id.* (citing *Munson v. Milton*, 948 S.W.2d 813, 815 (Tex. App.—San Antonio 1997, pet. denied)).

"A party must substantially violate a deed restriction before the trial court may issue a permanent injunction." *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "In determining whether it would be inequitable to enforce restrictive covenants against a particular lot owner in a residential subdivision, the equities of the defendant lot owner must be weighed against the equities favoring the plaintiff (and other lot owners) who purchased or acquired their properties on the strength of the covenants." *Giles*, 697 S.W.2d at 427. And because an injunction is an equitable remedy, the trial court must weigh the "respective conveniences and hardships of the parties and balance[] the equities." *Indian Beach Prop.*, 222 S.W.3d at 690 (citing *Computek Comp. & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 220 (Tex. App.—Dallas 2005, no pet.)).

The Enforcement article in the DCCRs states:

> If any Owner of any Lot . . . shall violate any of the restrictions and covenants set forth in this Declaration, it shall be lawful for the Association, Declarant, or any Owner subject to this Declaration, to prosecute any proceedings against the person or persons

> violating or attempting to violate any such restrictions and covenants. The failure of any Owner or tenant to comply with any restriction or covenant will result in irreparable damage to Declarant and other Owners of Lots in the Subdivision . . . .

The trial court had to determine whether the balance of equities weighed in favor of granting the injunction or not. *See Indian Beach Prop*., 222 S.W.3d at 690. There was evidence at trial that although Bassett's deck and hot tub encroached on the drainage easement by three feet, the encroachment would not affect the water flow. Bassett's hired surveyors suggested that if the hot tub and deck remained unchanged, a landscaping wall, at a minimum one foot height, should be added in order to rectify any changes in the flow of water in the drainage easement.

The surveyors made other recommendations as to how to bring the property into compliance. Bassett made all of the recommended changes, and Bassett then hired an engineer, George Weron, to inspect the changes. Weron's report stated the changes conformed to the City of San Antonio's guidelines, but did not mention whether the changes conformed to the DCCRs. The ARC did not approve of the changes solely because the report did not confirm conformity with the DCCRs.

There was also evidence in the record to show that the flood in 2004 was caused by bricks placed against a fence separating two other lots. Bassett testified that once these bricks were removed, the water began to flow again.

We hold the trial court did not abuse its discretion in declining to award injunctive relief to Flume because the record contains evidence the encroachment does not impede the flow of water through the drainage easement, and that the cost to Bassett to remove the additions would be great. Because we find the trial court did not err in determining that the balance of equity weighed in Bassett's favor, we need not address whether Bassett was in violation of the DCCRs. Therefore, we overrule Flume's second issue.

## ISSUE 3: ATTORNEY'S FEES AND COSTS

In his third issue, Flume argued the trial court erred by failing to find he was entitled to attorney's fees and costs as provided by the DCCRs. The DCCRs state that any prevailing party is entitled to recover court costs and reasonable attorney's fees. Given our disposition, as well as that rendered by the trial court, Flume is not the prevailing party, and therefore, he is not entitled to attorney's fees and court costs. Flume's third issue is therefore overruled.

## CONCLUSION

Although we sustain Flume's first issue, because we overrule his second issue, Flume is not entitled to a reversal. Due to our disposition of Flume's second issue, Flume is not entitled to attorney's fees and costs. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice