**AFFIRM; Opinion Filed May 24, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00062-CV

**LEE MERWIN AND BETTY MERWIN, Appellants**
**V.**
**JANICE RUSHING AND LIGE RUSHING, JR., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-08876**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Lee and Betty Merwin appeal the trial court's judgment in favor of Janice and

Lige Rushing, Jr. In four issues, the Merwins challenge the trial court's grant of

partial summary judgment, the trial court's denial of their motion for new trial, and

the trial court's finding regarding their de minimis defense. We affirm. Because all

issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

The Merwins and the Rushings own neighboring properties. The Merwins

purchased their home in 1980, and the Rushings purchased the property next door in

1999. For over thirty years, the Merwins had two fences, a wooden fence and a

chain link fence, between their property and the Rushings'. In April 2018, the Merwins replaced both fences with a single new wooden fence ("New Fence"). The Rushings took issue with the New Fence's location, urging it had been built on their side of the property line.

In July 2018, the Merwins filed suit against the Rushings, asserting claims of adverse possession related to the New Fence's location and the stretch of grass that divides the parties' driveways ("Disputed Green Space"). The Rushings answered and later filed motion for traditional and no-evidence partial summary judgment, arguing there was no evidence the Merwins adversely possessed any of the Rushings' property. The same day that the trial court signed an order granting the Rushings' partial summary judgment, the Rushings filed a counterclaim, in which they alleged the Merwins had unlawfully encroached on their property and sought removal of the New Fence and an order that, prior to any other fence being constructed by the Merwins, the fence line be surveyed to ensure the fence is not reconstructed on any portion of the Rushings' property. The Merwins answered the counterclaim with the affirmative defense that the Rushings' claims were barred by the de minimis doctrine. The Merwins also filed motions for new trial, urging that in granting the partial summary judgment, the trial court had granted more relief to the Rushings than was sought in the motion for partial summary judgment.

The Rushings filed another motion for summary judgment, arguing the Merwins had no evidence they owned the Disputed Green Space, and subsequently

amended that motion to challenge the existence of evidence to support the Merwins'
de minimis defense. At a hearing conducted on the second motion for summary
judgment, the trial court indicated it had ruled in the Rushings' favor on adverse
possession as to both the Disputed Green Space and the property affected by the
New Fence and would conduct a trial on the Merwins' de minimis defense. The case
proceeded to a bench trial on the de minimis defense, which took place on October
13, 2020. That same day, the trial court signed an order granting the relief sought
by the Rushings. Two weeks later, the trial court signed a judgment in favor of the
Rushings, finding the New Fence encroached on the Rushings' property, ordering
the Merwins to remove the New Fence, and finding the Merwins did not obtain title
to the Rushings' property through adverse possession. The trial court later signed
findings of fact and conclusions of law. This appeal followed.

## DISCUSSION

### I. The Merwins Did Not Adversely Possess the Rushings' Real Property

We review the granting of a motion for summary judgment de novo.
*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When a party
moves for summary judgment on both traditional and no-evidence grounds as the
Russhings did here, we first address the no-evidence grounds. *See id.* That is
because if the non-movant fails to produce legally sufficient evidence to meet his
burden as to the no-evidence motion, there is no need to analyze whether the movant
satisfied its burden under the traditional motion. *See id.* No-evidence summary

–3–

judgments are reviewed under the same legal sufficiency standard as directed verdicts. *See id.* Under that standard, evidence is considered in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *See id.* The non-movant has the burden to produce some evidence raising a genuine issue of material fact as to each challenged element of its cause of action. *See* TEX. R. APP. P. 166a(i). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See Merriman*, 407 S.W.3d at 248.

In their first issue, the Merwins argue the record contains disputed material facts such that the trial court erred in granting summary judgment to the Rushings. More specifically, the Merwins urge that the material fact of the location of the New Fence was in dispute.[1]

In their first motion for partial summary judgment, the Rushings asserted the Merwins lacked evidence of actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent and is hostile

---

[1] Although the Merwins claimed to have acquired title to the Disputed Green Space via adverse possession, they do not assert any disputed material facts related to that claim.

to the claim of the Rushings pursuant to section 16.021(1) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1).[2] The Rushings offered evidence the chain link fence was built on the property line and that the New Fence was "installed . . . [such that it] encroached on the Rushing property." The Merwins responded with an affidavit stating that the New Fence was installed on the same place as the chain link fence. On appeal, the Merwins argue that the placement of the New Fence is a disputed material fact such that the trial court's grant of summary judgment on the Merwins' claim for adverse possession was error. However, even assuming there is a disputed material fact regarding the placement of the New Fence, whether the New Fence was built on the property line or over the line and encroaching on the Rushings' property, the Merwins' claim for adverse possession fails.

The record is undisputed that the chain link fence was on the property line and that the New Fence was built in 2018. Accordingly, the Merwins could not meet the statutory ten-year threshold to bring their claim for adverse possession even if the placement of either fence could be shown to be hostile to the Rushings' preexisting title. *See* CIV. PRAC. & REM. §§ 16.021(1), 16.026 (ten year limitations period); *see*

---

[2] The Rushings also argued the Merwins lacked evidence to support a claim for adverse possession pursuant to section 16.029(a), which would require evidence the Rushings held apparent record title but did not exercise dominion over the subject real property and that the Merwins exercised dominion and paid taxes on it. *See* CIV. PRAC. & REM. § 16.029(a). The Merwins do not argue on appeal that they offered any evidence to support a claim pursuant to that statute, and, moreover, in their response to the Rushings' motion, the Merwins denied asserting a claim pursuant to that statute.

*Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) (holding adverse possession claimant's possession must last for ten or more consecutive years). We conclude the trial court did not err by granting partial summary judgment on the Merwins' adverse possession claims. Accordingly, we overrule the Merwins' first issue.

## II. *Any Error in Granting Summary Judgment on the Rushings' Counterclaim Was Harmless*

In their second issue, the Merwins argue the trial court improperly granted summary judgment on the Rushings' counterclaim. The Rushings' motion sought partial summary judgment on the Merwins' claims for adverse possession and argued the New Fence encroached on the Rushings' property. After the hearing on that motion and before the trial court signed its order granting the motion, the Rushings filed their counterclaim, in which they sought to remove the New Fence and an order that, prior to any other fence being constructed by the Merwins, the fence line be surveyed to ensure the fence is not reconstructed on any portion of the Rushings' property. The amended order signed by the trial court found the Merwins had not adversely possessed any portion of the Rushings' property, that the New Fence encroaches on the Rushings' property, and that the New Fence was to be removed at the Merwins' cost and expense.

The Merwins contend that the trial court erred in ordering the removal of the fence at their expense because the Rushings did not request this relief in their motion for partial summary judgment. Granting a summary judgment on a ground not addressed in the summary judgment motion is, as a general rule, reversible error. *G

–6–

*& H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). However, the Merwins' claim was for acquiring title via adverse possession, and the Rushings' counterclaim sought injunctive relief based on the Merwins' "unlawful encroachment upon the Rushings' property." Thus, we question whether the Rushings' counterclaim is truly a separate claim or ground such that the Rushings were required to separately identify that claim or ground in their motion for partial summary judgment.

Regardless, even assuming trial court erred by granting relief not requested, the harmless error rule requires that before reversing a judgment because of an error of law, the reviewing court must find that the error amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause "the rendition of an improper judgment," or that the error "probably prevented the appellant from properly presenting the case [on appeal]." *See* TEX. R. APP. P. 44.1(a).

After the trial court granted the Rushings' requested relief of removal of the New Fence at the Merwins' expense without that requested relief being raised in the Rushings' motion for partial summary judgment, the record shows that the case proceeded to a bench trial where the court considered the Merwins' affirmative defense of de minimis to the Rushings' claims. Accordingly, we cannot conclude that the trial court's grant of partial summary judgment on this record amounted to such a denial of the appellant's rights as was reasonably calculated to cause and

probably did cause "the rendition of an improper judgment," or that any error "probably prevented the appellant from properly presenting the case [on appeal]." *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (quoting TEX. R. APP. P. 44.1(a)). Therefore, we overrule the Merwin's second issue.

### III.  *The Trial Court Did Not Err in Denying the Merwins' Motion for New Trial*

In their third issue, the Merwins argue the trial court abused its discretion in denying their motion for new trial, urging good cause existed for a new trial because of the trial court's summary judgment order's grant of more relief than requested.

Whether to grant or deny a motion for new trial is generally a matter addressed to the broad discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of that discretion. *See Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 809 (Tex. App.—Dallas 2006, pet. denied), opinion supplemented on denial of reh'g (May 5, 2006) (citations omitted). A trial court abuses its discretion when it fails to correctly analyze or apply the law. *See id.* at 809–10.

The Merwins filed their motion for new trial after the trial court granted partial summary judgment but before the final judgment was signed and before the bench trial at which the trial court considered the Merwins' affirmative de minimis defense. In light of the chronology of the record and in light of our disposition of the second issue above, we cannot conclude that any error in denying the motion for new trial

resulted in harmful error.  *See Magee*, 347 S.W.3d at 297; *see also* TEX. R. APP. P. 44.1(a).  Accordingly, we overrule the Merwins' third issue.

## IV.   *The Trial Court Did Not Err in Finding the Merwins' De Minimis Defense Did Not Apply to the Rushings' Encroachment Claims*

In their fourth and final issue, the Merwins argue the trial court erred in finding their de minimis defense did not apply to bar the Rushings' encroachment claims.  We construe the Merwins' fourth issue to challenge the legal sufficiency of the following findings:

15. The setback of the Rushing's (sic) house to the property line is 6 feet. With the encroachments, the Rushings have the use of the property a maximum of 5-1/2 feet to minimum of 5 feet rather than the 6 foot setback to which they are entitled.

16. The encroachments with exception of the gate post have prevented the Rushings from being able to adequately maintain and use their property for its intended purposes.

19. The removal of the fence, the fence posts and the brick and concrete slab that encroaches onto the Rushing's (sic) property will not create a hardship to the Merwins.

23. The trespass onto the Rushing's (sic) property is not "de minimus" except as to the gate post which is "de minimus". The doctrine of "de minimus non curat lex" does not apply to the trespass by the Merwins except as to the gate post.

24. The expense and difficulty involved in removing the trespassing fence posts, brick and concrete does not provide a valid legal basis for denying the Rushing's (sic) relief in the form of an order of this Court that the Merwins remove the encroachments onto the Rushings (sic)

property. Authority: *Green v. Parrack*, 974 SW2d 200, (San Antonio CA) 2018.[3]

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Lanier v. E. Founds., Inc.*, 401 S.W.3d 445, 459 (Tex. App.—Dallas 2013, no pet.). Therefore, we review a trial court's findings for legal sufficiency under the same standard as jury findings. *See id.* To analyze the legal sufficiency of the evidence, we review the record in the light most favorable to the trial court's finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A party attacking the legal sufficiency of an adverse finding on an issue on which it bore the burden of proof must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Lanier*, 401 S.W.3d at 459.

*De minimis non curat lex* is an infrequently used legal theory that "the law does not care for, or take notice of, very small or trifling matters." *See Mekhail v. Duncan-Jackson Mortuary, Inc.*, 369 S.W.3d 482, 485 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Green v. Parrack*, 974 S.W.2d 200, 206 (Tex. App.—

---

[3] Although a party appealing from a bench trial in which the trial court made findings of fact should direct its attack on the sufficiency of the evidence at specific findings of fact rather than at the judgment as a whole, a challenge to an unidentified finding may be sufficient if we can fairly determine from the argument which specific finding the appellant challenged. *See Airpro Mobile Air, LLC v. Prosperity Bank*, 631 S.W.3d 346, 351 n.4 (Tex. App.—Dallas 2020, pet. denied) (citing *Shaw v. Cty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied)). Here, we can determine from the Merwins' arguments which findings of fact they challenge. *See id.* Additionally, because they set forth the standard of review for legal, and not factual, sufficiency, we construe their challenge to be as to legal sufficiency alone.

–10–

San Antonio 1998, no pet.)). The Merwins invoked this theory as a defense to the Rushings' requested relief that the Merwins remove the New Fence, urging the requested relief was far greater than the violation of encroachment alleged. In their response to the trial brief, the Merwins argued "granting the Rushings' requested relief will have far greater implications on the use and enjoyment of the Merwins' property than the benefit the Rushings will gain by moving the fence."

On appeal, the Merwins argue there was no evidence to support the trial court's conclusions that the Rushings were entitled to six feet between their house and the property line. They urge that even if the evidence establishes the loss of six square feet from the New Fence's encroachment, that amount is only 0.15% of the total square footage of the 3,955 square feet of the Rushings' property. According to the Merwins, the Rushings' evidence to show the encroachment inhibited their ability to install French drains, limited the walkability of the area, and prevented utilization of a wheelbarrow instead show little to no intrusion created by the location of the New Fence and that moving the New Fence would not rectify the Rushings' claimed difficulties. The Merwins also point to the evidence that they provided to show that removal of the New Fence pursuant to the court's order would potentially damage their own property because it would require having 11,000 pounds of machinery on their property.

The record contains the 1999 and 2018 surveys of the Rushings' property, which shows the distance between the building and the property line to be six feet

–11–

prior to the construction of the New Fence. As for the evidence of the Rushings' claimed difficulties, the trial court could have assessed the credibility of Janice Rushing and concluded the offered pictures of the property did not disprove her testimony. *See Wilson*, 168 S.W.3d at 827. As for the potential damage to the Merwins' property, the trial court could have credited the testimony of the Rushings' expert on concrete that during the process of removing and replacing the New Fence, procedures could be undertaken to safeguard the Merwins' property from damage from the approximately 11,000 pounds of required machinery.[4] *See id.* Moreover, the claim of acquisition by adverse possession may inform this equitable judgment. In other words, if the trial court did not order the removal and subsequent surveying before reconstruction, what would stop the Merwins or any successors in title from asserting yet another claim of adverse possession in the future?

Because we conclude the trial court's findings are supported by legally sufficient evidence, we overrule the Merwins' fourth issue.

### CONCLUSION

We affirm.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

210062F.P05

---

[4] Additionally, when Lee Merwin testified regarding potential hardships of removing and replacing the New Fence, he stated it would be a "monetary hardship" and "large investment of time," but made no mention of any concerns regarding potential damage to his and his wife's property.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEE AND BETTY MERWIN,
Appellant

No. 05-21-00062-CV     V.

JANICE RUSHING AND LIGE
RUSHING, JR., Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-08876.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees JANICE RUSHING AND LIGE RUSHING, JR. recover their costs of this appeal from appellants LEE AND BETTY MERWIN.

Judgment entered this 24th day of May 2022.