**In the Matter of C.T.C.**

**No. 04–98–00294–CV.**

Court of Appeals of Texas, San Antonio.

June 30, 1999.

Marsha Lynn Merrill, San Antonio, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

C.T.C. was adjudicated delinquent and committed to the Texas Youth Commission for engaging in a robbery. Upon determining that C.T.C. had voluntarily absented himself after the completion of jury selection, the trial court conducted the adjudication and disposition phases in C.T.C.'s absence. C.T.C. now argues the trial court erred in not holding a hearing to determine whether his absence was voluntary and in not considering whether it would be appropriate to delay the trial while efforts were made to locate him. We disagree and affirm.

### PROCEDURAL BACKGROUND

On the first morning of trial, both C.T.C. and his mother appeared, and the trial court orally admonished them of C.T.C.'s rights, including his right to confront the witnesses against him. After the jury was selected that afternoon, the judge announced in open court that the trial would resume at approximately 9:00 the next morning. On the second morning of trial,

the judge announced that an attorney, Cornelius Cox, had told her that he had received a phone call indicating that C.T.C. would not appear. The bailiff then called C.T.C.'s name three times in the hallway and received no response. After the judge granted the State's request for a warrant, the court recessed until 10:37 a.m. At that time, the judge explained that Attorney Cox had told her that C.T.C. did not intend to appear and that his mother would appear with a letter demonstrating that C.T.C. had run away. The judge then announced, "Mr. Cox is present in the court and an officer of the court is not required to be sworn. Is that accurate Mr. Cox?" Cox confirmed that the judge's statements were correct and further explained that he had received this information from an unidentified woman who told him over the phone that her son's trial was scheduled in that court that morning. Cox stated that he advised the mother to give the letter to C.T.C.'s attorney. Although offered the opportunity by the judge, C.T.C.'s attorney did not question Cox. The judge also stated that she had called the electronic monitoring unit and was waiting for a return call to confirm whether C.T.C. had violated his electronic monitoring supervision.

After a recess of unknown length, the judge announced that the supervisor of the electronic monitoring unit told her that he had contacted C.T.C.'s mother, who told him that C.T.C. "ran off" at 6:00 that morning. C.T.C.'s family and the electronic monitoring officer were looking for him. The judge then stated that she would assume C.T.C. voluntarily absented himself and would proceed with the trial. At that point, C.T.C.'s counsel objected "to proceeding forward." The judge overruled the objection.

C.T.C. did not appear for the remainder of the adjudication and disposition phases, but the record reflects that his mother was present during at least part of the subsequent proceedings. At the beginning of the disposition phase, which occurred ten days after C.T.C. had disappeared, C.T.C.'s attorney stated that he had looked for C.T.C., but had been unable to find him. He also stated that he had been in contact with C.T.C.'s mother. At no point during the proceedings did C.T.C.'s attorney attempt to refute what Cox had reported on the second morning of trial.

## RIGHT TO BE PRESENT AT TRIAL

██ A criminal defendant who is threatened with loss of liberty has a constitutional right to be present at all phases of the proceedings against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim.App.1985). However, a defendant may waive this right by voluntarily absenting himself from trial after the trial has commenced. *See Crosby v. United States*, 506 U.S. 255, 259–60, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993); *Diaz v. United States*, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912). A trial judge's decision to proceed with trial after a defendant has voluntarily absented himself is reviewed for an abuse of discretion. *See United States v. Benavides*, 596 F.2d 137, 139 (5th Cir.1979); *Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App.1984); *Heard v. State*, 887 S.W.2d 94, 99 (Tex.App.—Texarkana 1994, pet. ref'd).

██ In Texas, a statute implements the right to be present in state criminal trials and provides for a waiver of the right consistent with *Crosby* and *Diaz. See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 1989).[1] Similarly, a procedural rule implements the right in federal criminal trials. *See* FED.R.CRIM.P. 43.[2] There is no statute

---

1. The statute provides that the "defendant must be personally present at the trial ... provided, however, that ... when the defendant voluntarily absents himself after pleading to the indictment or information, or after

the jury has been selected when trial is before a jury, the trial may proceed to its conclusion."

2. The rule provides that a defendant generally "shall be present" at trial, but "[t]he further

or rule conferring on juveniles the right to be present at delinquency proceedings in Texas courts. But because delinquency proceedings threaten a juvenile respondent with the loss of his liberty, it is clear the respondent has the same constitutional right to be present at the proceedings as a criminal defendant has. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Miller*, 692 S.W.2d at 90; *In re J.R.*, 907 S.W.2d 107, 109 (Tex.App.—Austin 1995, no writ); *In re K.P.S.*, 840 S.W.2d 706, 710 (Tex.App.—Corpus Christi 1992, no writ). The issue we must resolve in this case is whether the trial judge abused her discretion by proceeding with the trial in C.T.C.'s absence without conducting a sufficient hearing to determine whether his absence was voluntary and without considering whether it would be more appropriate to delay the trial.

### SUFFICIENCY OF HEARING

■ C.T.C. does not dispute that he was present on the first day of trial when the judge announced that the trial would resume at approximately 9:00 the next morning. The trial judge was therefore justified in presuming that C.T.C. knew when to appear. Without prompting from C.T.C.'s counsel, the judge attempted to determine why he failed to appear. In addition to hearing from Cox, she learned from the electronic monitoring unit supervisor that C.T.C.'s mother said he had "ran off." C.T.C.'s counsel did not object to Cox's unsworn testimony, nor to the judge's consideration of unsworn hearsay from the electronic monitoring supervisor. Although C.T.C.'s trial counsel announced "not ready" and objected to proceeding with the trial, he did not request an opportunity to present evidence that C.T.C.'s absence was involuntary. Indeed, C.T.C.'s attorneys have never—at trial, in a motion for new trial, or on appeal—offered any

explanation for C.T.C.'s disappearance or anything to suggest that his absence was involuntary.[3]

The trial judge had uncontradicted information indicating that C.T.C.'s absence was voluntary and she was not presented with any objection to the procedures she followed in obtaining the information or with any request to present additional evidence. Under these circumstances, the hearing conducted by the trial court was sufficient. *See State v. Rangel*, 980 S.W.2d 840, 845 (Tex.App.—San Antonio 1998, no pet.); *Aguirre v. State*, 695 S.W.2d 793, 794–95 (Tex.App.—San Antonio 1985, no pet.); *see also Benavides*, 596 F.2d at 139 (holding that judge's conclusion that defendants were voluntarily absent was "amply supported" because defendants were present when the judge announced the time to return for trial, defense counsel left them a message reminding them of the time, and the defendants never offered any reason to suggest that their absence was involuntary). We discern no abuse of discretion.

### DELAY OF TRIAL

■ Several federal appellate courts have held that the trial judge's discretion to proceed with a trial in the defendant's absence is narrow and that even when a defendant's absence is voluntary, the judge must not proceed with the trial without first considering whether it would be appropriate to delay the trial while efforts are made to locate the defendant. *See, e.g., Benavides*, 596 F.2d at 139–40. The judge must consider the likelihood that the trial could soon take place with the defendant present, the difficulty of rescheduling, the burden on the government in multiple-defendant cases of having to undertake two trials, and the inconvenience to jurors of rescheduling. *See id.* C.T.C. argues that the trial judge should have considered

---

progress of the trial . . . shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present . . . is voluntarily absent after the trial has commenced."

**3.** C.T.C.'s appellate counsel indicated at oral argument that C.T.C. is still missing.

these factors before deciding to proceed with his trial.

The requirement that federal courts consider the appropriateness of delaying trial is a gloss on Rule 43 of the Federal Rules of Criminal Procedure, rather than a constitutional mandate. *See Smith v. Mann,* 173 F.3d 73, 76-77 (2d Cir. 1999); *Clark v. Scott,* 70 F.3d 386, 389–90 (5th Cir.1995); *cf. Moore,* 670 S.W.2d at 261 (refusing to follow *Benavides* because article 33.03 does not require trial judges to consider the appropriateness of delaying trial). The Constitution therefore imposed no burden on the trial judge to consider delaying the trial. Nor have we found any statutory basis in the Family Code for requiring juvenile courts to consider the factors articulated in *Benavides.*

C.T.C. nevertheless argues that we should require juvenile judges to consider delaying the trial of a voluntarily absent juvenile. At oral argument, counsel suggested that the statute authorizing discretionary transfer to criminal court indicates that courts need not proceed to adjudication when the juvenile has voluntarily absented himself. *See* TEX. FAM.CODE ANN. § 54.02 (Vernon 1996). The statute allows a juvenile court to transfer a person over eighteen to criminal court if it was not practicable to proceed in juvenile court before the person's eighteenth birthday because the person "could not be found." *Id.* § 54.02(j). Although this statute may provide another method for trying juveniles who have absconded, it stops far short of forbidding juvenile courts from trying voluntarily absent juveniles or of requiring courts to consider any particular factors before proceeding to trial. If the legislature had intended to restrict the power of juvenile courts to try voluntarily absent juveniles, it would have done so more explicitly.

Having found no constitutional or statutory basis for requiring juvenile judges to follow *Benavides,* we decline to impose such a requirement. The trial judge did not abuse her discretion.

CONCLUSION

The judgment of the trial court is affirmed.