**In re Honorable Robert JENEVEIN, Former Judge, County Court at Law No. 3 Dallas County, Texas.**

**No. A–2003–1.**

Special Court of Review, Appointed by the Supreme Court.

June 12, 2003.

Special Court of Review consists of Justices YATES,* TAFT,** and WRIGHT.***

**OPINION**

TIM TAFT, Justice.

This is a review of the State Commission on Judicial Conduct's (the Commission's)

---

**5.** Having sustained this issue, we need not consider Superior's second issue. *See* TEX. R.APP. P. 47.1.

\* The Honorable Leslie Brock Yates, Justice, Court of Appeals, Fourteenth District of Texas at Houston, presiding by appointment.

\*\* The Honorable Tim Taft, Justice, Court of Appeals, First District of Texas at Houston, participating by appointment.

\*\*\* The Honorable Jim Wright, Justice, Court of Appeals, Eleventh District of Texas at Eastland, participating by appointment.

Order of Public Censure against respondent, the Honorable Robert Jenevein, former Judge of County Court at Law Number 3 in Dallas County. The review was conducted by a special court of review, a panel of three justices of the Texas courts of appeals appointed by the Chief Justice of the Texas Supreme Court to sit as a trial court to hear allegations of judicial misconduct in a trial de novo. *See* TEX. GOV'T CODE ANN. § 33.034(a), (c), (e) (Vernon Supp.2003). We address whether a special court of review has jurisdiction to review a decision of the Commission after formal proceedings have been conducted before a special master. We hold that we do not have jurisdiction.

### Facts and Procedural History

On July 28, 2000, respondent held a news conference in his courtroom. Respondent used the news conference to read a press release that he had prepared. The purpose of the press release was to explain why respondent would not be presiding in a case that was pending in the County Courts of Dallas County. The explanation related to certain allegations that an attorney in the pending case had made. In the press release, respondent stated that it was his intention to file a grievance against the attorney in connection with the allegations. Later, in response to inquiries that had been made of him, respondent sent an e-mail to approximately 100 persons, in which e-mail respondent again explained

the situation and the reasons for his recusal.

A complaint was filed with the Commission, which resulted in formal proceedings before the Honorable Mike Westergren on September 24, 2002. On October 17, 2002, Judge Westergren signed findings of a violation of the Code of Judicial Conduct. On December 4, 2002, the Commission made its findings based on Judge Westergren's formal proceedings. The Commission found that respondent's press conference and e-mail violated both Article V, Section 1–a(6)(A) of the Texas Constitution [1] and Canon 2B of the Texas Code of Judicial Conduct.[2] The Commission issued an Order of Public Censure on January 17, 2003.

By letter dated January 22, 2003, respondent requested the appointment of a special court of review to hear the matter de novo. Supreme Court Chief Justice Thomas R. Phillips appointed such a special court of review by letter dated February 6, 2003. On April 14, 2003, this Special Court of Review convened to hear the matter de novo.

### Jurisdiction

This case comes to us in an unusual procedural posture. Generally, an investigation of the Commission that finds merit in a complaint of judicial misconduct follows one of two paths: (1) informal pro-

---

**1.** Article V, Section 1–a(6)(A) provides, in pertinent part:

Any Justice or Judge of the courts established by this Constitution or created by the Legislature as provided in Section 1, Article V, of this Constitution, may, subject to the other provisions hereof, be removed from office for ... willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or causes public discredit upon the judiciary or administration of justice. Any person holding such office may be disciplined

or censured, in lieu of removal from office, as provided by this section.
TEX. CONST. art. V, § 1–a(6)(A).

**2.** Cannon 2B provides, in pertinent part:

A judge shall not allow any relationship to influence judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; ....
TEX. GOV'T CODE ANN. T. 2, Subt. G, App. B, Cannon 2B (Vernon 1998).

ceedings, in which the judge may be afforded a personal appearance before the Commission, or (2) formal proceedings before a special master. *See In re Thoma,* 873 S.W.2d 477, 483–84 (Tex.Rev. Trib.1994) (setting out comprehensively the procedures for handling judicial-misconduct complaints). Judges dissatisfied with the Commission's decision after informal proceedings may appeal to a special court of review composed of three courts-of-appeals justices appointed by the Chief Justice of the Texas Supreme Court. *See id.* at 483. The special court of review functions as a trial court, providing a trial de novo from which there is no further appeal. *See* TEX. GOV'T CODE ANN. § 33.034(e), (i) (Vernon Supp.2003). Judges dissatisfied with the Commission's decision after formal proceedings may appeal to a review tribunal composed of seven courts-of-appeals justices appointed by the Chief Justice of the Texas Supreme Court. *See In re Thoma,* 873 S.W.2d at 484. The review tribunal functions as an appellate court that reviews the proceedings before the special master; further review may be sought from the Texas Supreme Court. *See id.*

■■■ The procedure here is a hybrid. The Commission prosecuted respondent in formal proceedings, but respondent has sought and obtained a trial de novo before a special court of review. This raises a jurisdictional question we must first address before proceeding: Does the Texas judicial discipline system provide for a special court of review after formal proceedings? Even though no party has questioned our jurisdiction, an appellate court is obligated to determine the threshold question of jurisdiction. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.,* 95 S.W.3d 511, 514 (Tex.App.—Houston [1st Dist.] 2002, pet. denied).

Viewing the charts that accompanied the publication of the Rules for Removal or Retirement of Judges, particularly Exhibit C, it appears that no appeal was contemplated from the Commission's order of public censure entered after formal proceedings. *See* RULES FOR THE REMOVAL OR RETIREMENT OF JUDGES, 56 Tex.B.J. 823, 829–31 (1993), Exhibits A–C (reproduced at the end of this opinion). Nevertheless, section 33.034(a) of the Texas Government Code provides that "[a] judge who receives from the commission *any* type of sanction is entitled to a review of the commission's decision as provided by this section." TEX. GOV'T CODE ANN. § 33.034(a) (Vernon Supp. 2003) (emphasis added). However, "sanction" is defined for purposes of Chapter 33 of the Texas Government Code (entitled State Commission on Judicial Conduct) as including only a private or public admonition, a warning, a reprimand, or a requirement that a person obtain additional training or education. *See* Tex. GOV'T CODE ANN. § 33.001(a)(10) (Vernon Supp.2003). Thus, "sanction" has a technical, legal meaning in the area of judicial misconduct that does not include "censure." Indeed, "censure" is defined separately as an order of denunciation issued by the Commission under Article V, Section 1–a(8) of the Texas Constitution or an order issued by a review tribunal under Article V, Section 1–a(9) of the Texas Constitution. TEX. GOV'T CODE ANN. § 33.001(a)(1) (Vernon Supp. 2003). Article V, Sections 1–a(8) and 1–a(9) of the Texas Constitution refer to censure only within the context of formal proceedings, while sanctions are contemplated under Section 1–a(8) in the context of informal proceedings. TEX. CONST. art. V, §§ 1–a(8), 1–a(9). Therefore, we conclude that an appeal to a special court of review is provided only after informal proceedings and not after formal proceedings resulting in a public censure.

The published cases demonstrate that the practice has been consistent with the view that only special courts of review follow informal proceedings and only review tribunals follow formal proceedings. *See In re Davis,* 82 S.W.3d 140 (Tex. Spec.Ct.Rev.2002) (special court of review following informal proceedings); *In re Jones,* 55 S.W.3d 243 (Tex. Spec.Ct.Rev.2000) (same); *In re Bell,* 894 S.W.2d 119 (Tex.Spec.Ct.Rev.1995) (same); *In re Jimenez,* 841 S.W.2d 572 (Tex. Spec.Ct.Rev.1992) (same); *In re Sheppard,* 815 S.W.2d 917 (Tex.Spec.Ct.Rev.1991) (same); *cf. In re Barr,* 13 S.W.3d 525 (Tex.Rev.Trib.1998) (review tribunal following formal proceedings); *In re Lowery,* 999 S.W.2d 639 (Tex.Rev.Trib.1998) (same); *In re Thoma,* 873 S.W.2d 477 (Tex.Rev.Trib.1994) (same).

 We acknowledge that it may seem counterintuitive that a judge would have a right to appeal, by special court of review, for lesser sanctions, but have no right to appeal for the more serious censure.[3] Nevertheless, the right to appeal is not of constitutional magnitude, but is derived entirely from statute. *See Rushing v. State,* 85 S.W.3d 283, 285 (Tex.Crim. App.2002). That which the Legislature may withhold altogether, it may withhold in part. *Id.* at 285–86. Thus, our lawmakers may deny the right to appeal entirely,

the right to appeal only some things, or the right to appeal all things only under some circumstances. *Id.* Here, the Legislature has provided an appeal by special court of review only for the Commission's sanctions assessed as a result of informal proceedings. The Rules for the Removal or Retirement of Judges have provided an appeal by a review tribunal after formal proceedings only for recommendations of removal or retirement. *See* TEX. R. REM'L/ RET. JUDG. 12(a) (West 2003). These Rules have not provided for any appeal when the Commission recommends a public censure after formal proceedings. We do note, however, that a judge assessed a censure will have been given a public hearing before either the Commission or a special master. *See* RULES FOR THE REMOVAL OR RETIREMENT OF JUDGES, 56 Tex.B.J. at 831 (Exhibit C).

Accordingly, we hold that we do not have jurisdiction to review by trial de novo the Commission's Order of Public Censure after formal proceedings. Because we do not have jurisdiction, we can only dismiss this appeal. *See Walker Sand,* 95 S.W.3d at 514.

### Conclusion

We dismiss this appeal.

---

**3.** In Rule 1(f) of the Rules for the Removal of Retirement of Judges, "censure" is defined as being more severe than the remedial sanctions issued prior to a formal hearing. *See* TEX. R. REM'L/RET. JUDG. 1(f) (WEST 2003).

## COMMISSION PROCEDURES
## EXHIBIT A
Receipt of Complaint
Through Dismissal, Sanction, or Filing of Formal Proceeding

+ No sanction is issued unless the judge has been informed of the nature of the complaint and given an opportunity to respond. Further, no public sanction is issued unless the judge has been afforded an opportunity to appear.

NOTES:

1) The Commission may suspend a judge from office with or without pay immediately upon indictment by state or federal grand jury for a felony offense or misdemeanor charge involving official misconduct. In other cases, after giving judge notice and an opportunity to appear, the Commission may recommend to the Supreme Court suspension of a judge pending final disposition of charge.

2) All above proceedings are confidential. A judge at his request may elect to have any hearing open to the public or to persons designated by the judge. When a public sanction is issued all matters related to the sanction and considered by the Commission become public.

**EXHIBIT B**
Review of Commission Decision by Special Court

Written Request for Appointment of
Special Court of Review
filed with Chief Justice of
Supreme Court within 30 days
of sanction

Chief Justice selects by lot
Special Court of Review
within 10 days of request

Commission files charging
Document within 15 days
of selection of court

Trial de Novo
within 30 days after
charging document filed

Court's decision
within 60 days of trial
(Decision not appealable)

## EXHIBIT C
### Formal Proceedings

**Notice of Formal Proceeding served on Judge**

**Judge's verified answer due to Commission within 15 days from date of service**

**Commission sets time and place for hearing**

Before Master

Before Commission

Notice to judge and Supreme Court 20 days prior to hearing

Notice to judge 20 days prior to hearing

Supreme Court appoints Master within 10 days of request

CONFIDENTIAL
PUBLIC

Hearing before Master

Hearing before Commission

Report of Master furnished to Commission

Commission furnishes report to judge

Objections, if any, to report filed within 15 days and additional hearings held on 10 days notice

Commission Decision

Dismiss

Public Censure

Recommendation of Removal or retirement

Chief Justice of Supreme Court selects, by lot, review tribunal of 7 justices from Courts of Appeal

Action by review tribunal: dismiss, public censure, retirement or removal

Appeal to Supreme Court