

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00201-CV

## IN THE MATTER OF J. R., A JUVENILE,

_____

### From the 74th District Court
### McLennan County, Texas
### Trial Court No. 2011-272-J

## MEMORANDUM  OPINION

In this appeal, appellant, J.R., challenges the circumstances of his waiver of his appellate rights and the trial court's judgment nunc pro tunc.  In four issues, appellant argues that:  (1) his waiver of appeal is invalid; (2) the trial court's judgment nunc pro tunc constituted an attempt to correct a judicial error and, thus, is void; (3) the equitable doctrine of laches barred the entry of the judgment nunc pro tunc; and (4) the trial court's judgment nunc pro tunc is a nullity because it is not in the proper form.  For the reasons stated herein, we affirm as modified.

# I. BACKGROUND

This is not the first time that this case has been before this Court. *See generally In re J.R.*, Nos. 10-12-00003-CV, 10-12-00201-CV, 2012 Tex. App. LEXIS 6900 (Tex. App.—Waco Aug. 16, 2012, no pet.) (mem. op.) (per curiam). Previously, we addressed a motion to dismiss filed by the State and a motion to transfer the record filed by appellant. *See id.* at *1. Ultimately, we granted the State's motion to dismiss appellate cause number 10-12-00003-CV as moot "because the trial court addressed appellant's complaint regarding his registration as a sex offender in its judgment nunc pro tunc"; however, we noted that appellant could challenge the validity of his waiver of his appellate rights in this appellate cause number—10-12-00201-CV. *See id.* at **12-14. We also granted appellant's motion to transfer the record in appellate cause number 10-12-00003-CV to this appellate cause number. *See id.* at *14. With this brief explanation of the appellate procedural posture in mind, we move on to the discussion of the facts at issue in this appellate cause number.

As noted above, appellant challenges, among other things, the validity of his waiver of his appellate rights. Much of the discussion surrounding appellant's waiver is listed in our prior memorandum opinion; however, in the interest of thoroughness, we will once again recite the pertinent facts. *Id.* at **3-6.

The State alleged in its amended petition that J.R. engaged in delinquent conduct by committing four offenses: (1) indecent exposure; (2) burglary of a habitation; (3) attempted sexual assault; and (4) sexual assault. Before the adjudication portion of the proceeding, appellant, his mother, and his attorney signed a "Court's Admonition of

Statutory and Constitutional Rights and Juvenile's Acknowledgement," which included information about potential dispositions and several waivers. Among the waivers contained in this document was the right to appeal.

At the beginning of the December 5, 2011 adjudication hearing, the trial court confirmed that appellant understood the rights that he was waiving and that he waived those rights voluntarily. The trial court also provided several admonishments, including potential dispositions that could apply in this case—namely, probation at home, probation with placement outside the home, and confinement at the Texas Youth Commission ("TYC") for an indeterminate sentence. The trial court also informed appellant that he could be required to register as a sex offender. Appellant acknowledged that he discussed all of these matters with his trial counsel and that he did not have any questions regarding his rights.

Appellant, his mother, and appellant's attorney also signed a written stipulation in which appellant stipulated to the first three allegations contained in the State's amended petition. The trial court discussed the stipulation with appellant and subsequently admitted the stipulation into evidence. Thereafter, the trial court concluded that appellant had engaged in delinquent conduct based on the signed stipulation.

During the disposition phase, the State offered several reports and a social history on appellant. The trial court learned that appellant had a previous juvenile adjudication for which he had received felony probation. Appellant and his parents testified at the hearing, and appellant requested that he be granted probation, placed in

an inpatient-sex-offender-treatment program, and excused from the sex-offender-registration requirement.

At the conclusion of the hearing, the trial court committed appellant to TYC for an indeterminate period. In addition, the trial judge, in open court, ordered that appellant register as a sex offender. However, contrary to the trial judge's statements in open court, the December 5, 2011 disposition order deferred the registration requirement pending the successful completion of a sex-offender-treatment program at TYC.

Appellant subsequently filed a motion for new trial, which was denied. He then filed his notice of appeal in appellate cause number 10-12-00003-CV. After appellant filed his notice of appeal, the State, on May 8, 2012, filed a "Motion for Dispositional Order of Commitment to the Texas Youth Commission Nunc Pro Tunc" in the trial court. In this motion, the State requested that the trial court modify its December 5, 2011 disposition order to reflect the statement it made in open court—that appellant is required to register as a sex offender. On the same day, the trial court granted the State's nunc pro tunc motion and reformed the December 5, 2011 disposition order to reflect that appellant is required to register as a sex offender. This appeal followed.

## II.    APPELLANT'S WAIVER OF HIS APPELLATE RIGHTS

In his first issue, appellant contends that he did not validly waive his appellate rights. Specifically, appellant complains that the "trial court did not specifically discuss the waiver of appeal with [appellant]," nor did it "confirm that [appellant] intended to waive his right of appeal after pronouncing the court's disposition." Appellant also

argues that his waiver is invalid because the State did not give consideration for the waiver. We disagree.

## A.    Applicable Law

Texas courts have noted that the Texas and United States Constitutions do not provide for a right of appeal. *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.) (citing *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *In re Jenevein*, 158 S.W.3d 116, 119 (Tex. Spec. Ct. Rev. 2003)). "The right to appeal is regulated by the legislature, and the legislature 'may deny the right to appeal entirely, the right to appeal only some things, or the right to appeal all things only under some circumstances.'" *Id.* (quoting *In re Jenevein*, 158 S.W.3d at 119). "Thus, when a legislative enactment says a juvenile may appeal orders delineated in the statute, there is no right to appeal orders not so included." *Id.* (citing *In re Jenevein*, 158 S.W.3d at 119).

Section 56.01 of the Texas Family Code sets out a child's right to appeal a juvenile court's orders and describes which of those orders are appealable. *See* TEX. FAM. CODE ANN. § 56.01 (West Supp. 2012). Subsection (c) provides that an appeal may be taken:

> (1) except as provided by Subsection (n), by or on behalf of a child from an order entered under:
>
> (A) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;
>
> (B) Section 54.04 disposing of the case;
>
> (C) Section 54.05 respecting modification of a previous juvenile court disposition; or
>
> (D) Chapter 55 by a juvenile court committing a child to a facility for the mentally ill or mentally retarded; or

> (2) by a person from an order entered under Section 54.11(i)(2) transferring the person to the custody of the Texas Department of Criminal Justice.

*Id.* § 56.01(c). However, subsection (n) limits the appellate rights of a child in the following way:

> A child who enters a plea or agrees to a stipulation of evidence in a proceeding held under this title may not appeal an order of the juvenile court entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition in accordance with the agreement between the state and the child regarding the disposition of the case unless:
>
>> (1) the court gives the child permission to appeal; or
>>
>> (2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea or agreed to the stipulation of evidence.

*Id.* § 56.01(n).

Further, any appellate rights that a juvenile may have can be waived. In fact, section 51.09 of the Texas Family Code provides that:

> Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
>
>> (1) the waiver is made by the child and the attorney for the child;
>>
>> (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
>>
>> (3) the waiver is voluntary; and
>>
>> (4) the waiver is made in writing or in court proceedings that are recorded.

TEX. FAM. CODE ANN. § 51.09 (West 2008).

**B. Discussion**

In the present case, appellant was represented by an attorney at all times. At the adjudication hearing, the trial court explained the charges filed against appellant and noted the following:

THE COURT: And in addition to the amended petition[,] I do have some other paperwork in front of me that you've signed. One of those things is called The Court's Admonition of Statutory and Constitutional Rights and Juvenile's Acknowledgement. This is a four[-]page document that does several things. One of the things that it does is it lists most of the rights that you have as a juvenile that's charged with committing a crime and by signing this on the last page, page four, you're telling me that you understand that you have these rights, but you're also telling me that you want to waive these rights or give up these rights and appear here today and go forward in this particular case accompanied by your parents and your attorney. And on the last page, page four, I can see that you, your mother[,] and your lawyer have all signed this. Did you understand the rights that were listed in here before you signed this?

THE JUVENILE: Yes, sir.

THE COURT: Did you go over these things with Mr. Keathley [appellant's counsel] before you signed it?

THE JUVENILE: Yes, sir.

The trial court then described the potential outcomes of the proceeding, including registration as a sex offender, probation, placement in a residential-treatment program, or confinement with the TYC.

Subsequently, the trial court asked appellant if he understood the possible outcomes of the proceeding, to which appellant responded, "Yes, sir." The trial court

then stated: "All right. Because you said you went over all of these things with Mr. Keathley before you signed it, I'm not going to reread all of this to you, but do you have any questions about the rights that you're giving up today, [appellant]?" Appellant answered, "No, sir."

In addition, the record includes a copy of the "Court's Admonition of Statutory and Constitutional Rights and Juvenile's Acknowledgement," which was signed by appellant, appellant's mother, appellant's attorney, and the trial judge on December 5, 2011—the day of the adjudication hearing—and stated the following:

## WAIVER OF APPEAL

Now comes the aforementioned respondent in the above-entitled and numbered cause, and the attorney for said child, in writing and in open court, and after complete consultation with said attorney of record, and being fully aware of the sentence heretofore pronounced against me by the Court do state:

. . . .

3) That I understand that I have the right to give notice of appeal and to appeal from the judgment, sentence, or order of this Court unless otherwise prohibited from doing so by the law;

. . . .

I state that I desire to waive each and all of my rights to appeal, including the filing [of] a motion for new trial, requesting permission to appeal, appealing matters raised by written motion prior to trial, giving notice of appeal, appealing the judgment, sentence, or order of the Court and a free record, transcript, and attorney on appeal. I make this waiver freely, intelligently[,] and voluntarily. I desire to accept the sentence or order of this Court and ask the Court to allow me to waive all rights I have to appeal. I ask the Court to approve this waiver which will render the judgment, sentence, and order of the Court final in all respects.

> I have read the above and foregoing admonitions by the Court regarding my rights.  I have read the above and foregoing waivers.  I understand the admonitions and waivers, and understand and am aware of the consequences of my plea or stipulation.

(Emphasis in original).

Based on our review of the record, appellant's waiver of his appellate rights meets all of the statutory requirements of section 51.09 of the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 51.09.  There is nothing in the record to support a contention that appellant waived his appellate rights unintelligently, involuntarily, or unknowingly.  Accordingly, we cannot say that appellant's waiver of his appellate rights is invalid.  *See id.*; *see also Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (noting that "waiver" is the intentional relinquishment of a right actually or constructively known, or intentional conduct inconsistent with claiming that right); *Mandell v. Mandell*, 214 S.W.3d 682, 692 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (stating that waiver is a matter of intent to be determined by the words, acts, and conduct of the parties); *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. Civ. App.—Amarillo 1981, writ ref'd n.r.e.) (explaining that a party's express renunciation of a known right can establish waiver).

Nevertheless, appellant appears to argue that we should adopt the criminal standard in deciding whether a juvenile defendant's waiver of appeal is valid.  *See Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) (per curiam) ("But when a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid.").  However, section 56.01(b) of the

Texas Family Code states that "[t]he requirements governing an appeal are as in civil cases generally." TEX. FAM. CODE ANN. § 56.01(b) (West Supp. 2012). In fact, "[i]n juvenile cases, the criminal standard for the burden of proof applies at trial, but the procedure for civil cases applies on appeal." *In re E.U.M.*, 108 S.W.3d 368, 372 (Tex. App.—Beaumont 2003, no pet.); *see In re R.J.M.*, 211 S.W.3d 393, 394 (Tex. App.—San Antonio 2006, pet. denied) (noting that appeals from delinquency proceedings are civil in nature (citing *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex. Crim. App. 1987) (plurality op.))); *see also In re S.J.P.*, No. 04-09-00005-CV, 2010 Tex. App. LEXIS 18, at *5 (Tex. App.—San Antonio Jan. 6, 2010, no pet.) (mem. op.) (citing TEX. FAM. CODE ANN. § 51.17(a) (West Supp. 2012)). Because appeals from delinquency proceedings, such as the one here, are civil in nature, we decline appellant's invitation to adopt the criminal standard in deciding whether his waiver of appeal is valid. Therefore, based on the foregoing, we overrule appellant's first issue.

### III.  THE TRIAL COURT'S JUDGMENT NUNC PRO TUNC

In his second, third, and fourth issues, appellant complains about the trial court's judgment nunc pro tunc. In particular, appellant argues that: (1) the trial court's judgment nunc pro tunc is void because it was not used to correct a clerical error; (2) the doctrine of laches barred the entry of the judgment nunc pro tunc because both appellant and TYC have relied to their detriment on the original December 5, 2011 order; and (3) the judgment nunc pro tunc is a nullity because it is not in the form of an ordinary judgment.

At the outset, we note that, in appellant's first issue, we concluded that he validly waived of all of his appellate rights. On that basis alone, we are empowered to overrule appellant's second, third, and fourth issues. *See Jernigan*, 111 S.W.3d at 156; *Mandell*, 214 S.W.3d at 692; *Rowe*, 619 S.W.2d at 213. However, neither party raised this issue on appeal. Therefore, out of an abundance of caution, we will address the merits of appellant's complaints regarding the trial court's judgment nunc pro tunc. *See, e.g., In re Snead*, No. 13-11-00200-CV, 2012 Tex. App. LEXIS 6864, at *5 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op.) ("A party may appeal from an order granting judgment nunc pro tunc . . . .") (citing TEX. R. APP. P. 4.3(b); *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 390-91 (Tex. 2008)).

### A.    Clerical Error v. Judicial Error

Under Rule 329b(d) of the Texas Rules of Civil Procedure, the trial court has plenary power for thirty days after the judgment is signed to grant a new trial or to vacate, modify, correct, or reform the judgment. TEX. R. CIV. P. 329b(d). After its plenary power has expired, the trial court cannot set aside its judgment except by a bill of review for sufficient cause. *Id.* at R. 329b(f). "However, the trial court may correct clerical errors in the judgment at any time by using a judgment nunc pro tunc." *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing TEX. R. CIV. P. 316, 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)). A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986); *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet.

denied). A clerical error does not result from judicial reasoning, evidence, or determination. *Butler*, 31 S.W.3d at 647. A judicial error occurs in the rendering, rather than the entering, of the judgment. *Escobar*, 711 S.W.2d at 231. Whether an error is clerical or judicial is a matter of law; therefore, we review the question de novo. *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 358 (Tex. App.—Tyler 2001, no pet.).

A judgment nunc pro tunc corrects clerical errors after the trial court has lost plenary power. *Ferguson v. Naylor*, 860 S.W.2d 123, 126 (Tex. App.—Amarillo 1993, writ denied); *see* Tex. R. Civ. P. 316, 329b(f). It cannot be used to make substantive changes to the underlying judgment. *In re Ward*, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004, no pet.). If the issue in question is one of the primary judicial decisions the court made, then any change made is material and is therefore a judicial error. *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 129 (Tex. App.—Corpus Christi 1984, no writ). A court cannot use a judgment nunc pro tunc to change the terms of the original judgment. *Mathes v. Kelton*, 569 S.W.2d 876, 877-78 (Tex. 1978); *Cappadonna Elec. Mgmt. v. Cameron County*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, no pet.). When deciding whether an error in a judgment is clerical or judicial, we must look to the judgment actually rendered and not the judgment that should have been rendered. *Escobar*, 711 S.W.2d at 231. If the trial court corrects a judicial error after its plenary power has expired, the judgment is void. *See Dikeman v. Snell*, 490 S.W.2d 184, 186 (Tex. 1973); *see also Montemayor v. Garcia*, No. 13-09-00342-CV, 2011 Tex. App. LEXIS 1157, at *6 (Tex. App.—Corpus Christi Feb. 17, 2011, no pet.) (mem. op.).

At the December 5, 2011 hearing, counsel for appellant requested, among other things, that the trial court "defer or excuse [sex-offender] registration in this matter." Thereafter, the trial court rendered judgment, committing appellant to the TYC for an indeterminate sentence. However, prior to the conclusion of the hearing, appellant's counsel asked, "And with regard to the registration, Your Honor?," to which the trial court responded, "I deny that request." Thus, the reporter's record clearly indicates that the trial court denied appellant's request to defer or excuse his registration as a sex offender. However, the disposition order signed on the same day as the hearing did not comport with the trial court's oral pronouncement. The order provided, among other things, that: "IT IS FURTHER ORDERED that Sex[-]Offender Registration is deferred pending successful completion of a sex[-]offender treatment program as administered by the Texas Youth Commission." Realizing that the disposition order did not comport with the trial court's oral pronouncement, the State filed a "Motion for Dispositional Order of Commitment to the Texas Youth Commission Nunc Pro Tunc" on May 8, 2012. The trial court granted the State's motion and entered the following order:

> On the 5th day of December, 2011, the Court signed and entered a Dispositional Order of Commitment to the Texas Youth Commission in the above-referenced cause. It has come to the attention of the Court that a clerical error exists in said Dispositional Order of Commitment to the Texas Youth Commission in that the Court verbally ORDERED full sex[-]offender registration, yet the Dispositional Order of Commitment to the Texas Youth Commission contained language to defer sex[-]offender registration. To correct this error, the Dispositional Order of Commitment to the Texas Youth Commission is hereby reformed as follows:
>
> "IT IS FURTHER ORDERED that Sex[-]Offender Registration is deferred pending successful completion of a sex[-]offender treatment program as administered by the Texas Youth Commission."

be replaced with the following:

> "IT IS FURTHER ORDERED that [appellant] will complete full sex[-]offender registration as required under Chapter 62 of the Texas Code of Criminal Procedure."

This Court has stated that: "Juvenile cases are most similar to criminal cases in their procedure; however, juvenile appeals are to be governed by civil rules of appellate procedure as far as practicable." *In re S.G.*, 304 S.W.3d 518, 521 (Tex. App.—Waco 2009, no pet.) (citing *In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 2001)). The change made in the judgment nunc pro tunc pertained to a portion of the punishment imposed on account of the trial court's finding that appellant had engaged in delinquent conduct. Accordingly, we believe that the criminal rules of procedure should be applied to this stage of the proceedings. *See In re S.G.*, 304 S.W.3d at 521; *see also In re D.I.B.*, 988 S.W.2d at 756 ("Juvenile proceedings are quasi-criminal in nature. The trial of a juvenile case is governed by the Rules of Criminal Evidence and by Chapter 38 of the Code of Criminal Procedure. However, on appeal our civil rules of appellate procedure govern as far as practicable.").

Further, Texas courts have held that, when the oral pronouncement of a sentence in open court and the written judgment conflict, the oral pronouncement controls. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (noting that, when the oral pronouncement of a sentence in open court and the written judgment conflict, the oral pronouncement controls); *see also In re L.L.*, No. 07-08-0241-CV, 2009 Tex. App. LEXIS 904, at **7-8 & n.3 (Tex. App.—Amarillo Feb. 10, 2009, no pet.) (mem. op.) (modifying a

written disposition order to reflect the trial court's oral pronouncement); *In re C.L.W.*, Nos. 05-05-00754-CV, 05-05-00776-CV, 05-05-00777-CV, 05-05-00778-CV, 05-05-00779-CV, 2006 Tex. App. LEXIS 1152, at **6-7 (Tex. App.—Dallas Feb. 13, 2006, no pet.) (mem. op.) (modifying a written disposition order to reflect the trial court's oral pronouncement) (citing *Thompson*, 108 S.W.3d at 290; *Smith v. State*, 176 S.W.3d 907, 920 (Tex. App.—Dallas 2005, no pet.)). Clearly, the trial court's oral pronouncement conflicted with the original disposition order, and the judgment nunc pro tunc merely corrected the disposition order to reflect the trial court's oral pronouncement.

Therefore, based on our review of the record, we conclude that the trial court's judgment nunc pro tunc corrected a clerical error in the original disposition order regarding appellant's registration as a sex offender—namely, changing the disposition order to reflect the trial court's oral denial of appellant's request to excuse or defer registration as a sex offender. And as such, we cannot agree with appellant's assertion that the trial court's judgment nunc pro tunc corrected a judicial error and, thus, is void.[1]

**B.      Laches**

Next, appellant argues that the trial court's judgment nunc pro tunc is improper because both he and TYC have relied on the original disposition order to their

---

[1] To the extent that it can be argued that the trial court could have "changed its mind" as to the appropriate sentence for appellant between rendering judgment orally and entry of the final order, Texas courts have stated that "because delinquency proceedings threaten a juvenile respondent with the loss of his liberty, it is clear the respondent has the same constitutional right to be present at the proceedings as a criminal defendant has." *In re C.T.C.*, 2 S.W.3d 407, 410 (Tex. App.—San Antonio) (citing U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); *In re J.R.*, 907 S.W.2d 107, 109 (Tex. App.—Austin 1995, no writ); *In re K.P.S.*, 840 S.W.2d 706, 710 (Tex. App.—Corpus Christi 1992, no writ)). Therefore, in the event that the trial judge changed his mind, appellant has the constitutional right to be present in open court when the disposition is announced. *See id.*

detriment. Specifically, appellant asserts that he has participated in a sex-offender treatment program for ten months despite the fact that the judgment nunc pro tunc allegedly removes this requirement.

Laches is an equitable remedy that prevents a party from asserting a claim due to a lapse of time. *Green v. Parrack*, 974 S.W.2d 200, 203 (Tex. App.—San Antonio 1998, no pet.). Laches will bar a claim if a party unreasonably delayed in asserting a legal or equitable right which then caused a good faith and detrimental change of position by another party due to the delay. *Id.*; *see Rogers v. Ricane Enters, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). The burden to prove these two elements is on the party asserting laches. *Green*, 974 S.W.2d at 203-04.

Here, the State moved to correct the original disposition order upon receiving notice from appellant's brief pointing out the error. The record does not reflect that the actions of the trial court and the State constituted an unreasonable delay. *See id.* at 203; *see also Rogers*, 772 S.W.2d at 80. Furthermore, appellant and his trial attorney were present at the December 5, 2011 hearing where the trial court denied appellant's request to excuse or delay his registration as a sex offender. As such, appellant was on notice of his registration requirement. Especially considering laches is an equitable doctrine, we do not believe that appellant can reasonably assert good-faith reliance or surprise based on the clerical error contained in the original disposition order when he was on notice of his registration requirement. *See Green*, 974 S.W.2d at 203. Further, appellant has not adequately demonstrated how the error in the original disposition order worked an injury to him. *See Regent Int'l Hotels, Ltd. v. Las Colinas Hotels Corp.*, 704 S.W.2d 101, 106

(Tex. App.—Dallas 1985, no writ) ("Generally, laches is a creature of equity. It is principally a question of whether it is inequitable to permit a claim to be enforced if the delay in asserting the claim has worked an injury to the opposing party." (citing *Bordages v. Stanolind Oil & Gas Co.*, 129 S.W.2d 786, 790 (Tex. Civ. App.—Galveston 1938, writ dism'd judgm't cor.)). Accordingly, we cannot conclude that appellant has satisfied his burden in proving the laches elements. *See Rogers*, 772 S.W.2d at 80; *see also Green*, 974 S.W.2d at 203-04.

## C.    The Form of the Judgment Nunc Pro Tunc

In his final issue, appellant complains that the trial court's judgment nunc pro tunc is not in the form of an ordinary judgment and does not set aside the original disposition order; thus, the judgment nunc pro tunc is a nullity. Here, despite summarily stating that the "judgment is in proper form," the State appears to assert that the trial court's judgment nunc pro tunc should be corrected or modified by this Court.

Because this Court is authorized to modify judgments, whether the trial court's judgment nunc pro tunc is a nullity matters not. In fact, section 56.01(i) of the Texas Family Code vests appellate courts with authority to modify judgments in juvenile proceedings. TEX. FAM. CODE ANN. § 56.01(i) (West Supp. 2012) ("The appellate court may affirm, reverse, or modify the judgment or order, including an order of disposition or modified disposition, from which appeal was taken."). In addition, Texas appellate courts have routinely corrected, modified, and reformed judgments to make the record speak the truth. *See In re J.M.*, 287 S.W.3d 481, 491 (Tex. App.—Texarkana 2009, no pet.) (citing *In re J.K.N.*, 115 S.W.3d 166, 174 (Tex. App.—Fort Worth 2003, no pet.); *In re K.B.*,

106 S.W.3d 913, 916 (Tex. App.—Dallas 2003, no pet.)); *Asberry v. State*, 813 S.W.2d 526, 529-31 (Tex. App.—Dallas 1991, pet. ref'd) (en banc); *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (noting that the authority of the appellate courts to reform judgments is not limited to those situations involving mistakes of a clerical nature). Therefore, to the extent that the trial court's judgment nunc pro tunc is not in a proper form, we will reform it to reflect all of the provisions contained in the original disposition order except for the provision deferring appellant's registration as a sex offender. The reformed judgment nunc pro tunc will instead reflect the paragraph contained in the un-reformed judgment nunc pro tunc—"IT IS FURTHER ORDERED that [appellant] will complete full sex offender registration as required under Chapter 62 of the Texas Code of Criminal Procedure." This reformation reflects the decision made by the trial judge at the December 5, 2011 hearing and makes the record speak the truth. *See In re J.M.*, 287 S.W.3d at 491; *In re J.K.N.*, 115 S.W.3d at 174; *In re K.B.*, 106 S.W.3d at 916; *Asberry*, 813 S.W.2d at 529-31; *see also* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27.

And based on the foregoing, we overrule appellant's second, third, and fourth issues that complain about the trial court's judgment nunc pro tunc.

## IV. CONCLUSION

As stated earlier, we reform the trial court's judgment nunc pro tunc to reflect all of the provisions contained in the original disposition order except for the provision deferring appellant's registration as a sex offender. We leave the paragraph in the trial

court's judgment nunc pro tunc requiring appellant to register as a sex offender intact.

We affirm the judgment as modified.


                                      AL SCOGGINS
                                      Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray dissents.  A separate opinion will not issue.)*
Affirmed as modified
Opinion delivered and filed January 10, 2013
[CV06]