COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

THOMAS J. SIBLEY, P.C.,         §

        Appellant,         §

v.         §

        §

BRENTWOOD INVESTMENT
DEVELOPMENT COMPANY, L.P.,         §

        Appellee.         §

No. 08-10-00033-CV

Appeal from the

58th Judicial District Court

of Jefferson County, Texas

(TC#A-181,447)

**O P I N I O N**

Thomas J. Sibley, P.C. ("Sibley, P.C.") appeals from a take nothing summary judgment in favor of Brentwood Investment Development Company, L.P. ("Brentwood"). In a single issue, Sibley contends the judgment was entered in error because fact issues remain as to the existence of an enforceable lease contract between the parties.

Brentwood Investment Development Company owns an office complex known as "Tuscany Park," located at 3450 Dowlen Road in Beaumont, Texas. In August 2001, the law firm of Sibley, P.C. negotiated a lease agreement with Brentwood for Suite "B" in Tuscany Park. On or about August 31, 2001, Thomas J. Sibley signed a document titled "LEASE" on behalf of Sibley, P.C. Although a signature blank for Brentwood representative Brent Coon appears on the execution page, it remains blank.

According to the lease document, Sibley, P.C. leased 4,072 square feet of office space for a period of ten years. Each rental payment was due prior to the first of each month of the lease term, and included a payment for "base rent" and "additional rent." "Base rent" was defined as

$13.50 per square foot or $4,581 per month for the first sixty months of the lease, and $14.50 per square foot per month or $5,904.40 per month for the second half of the term. "Additional rent" representing Sibley, P.C.'s proportionate share of operating costs and taxes for Tuscany Park, was due in monthly payments at the same time as the base rent payments. "Additional rent" was to be calculated in twelve installments based on an annual estimate provided by Brentwood at least once each calendar year. Brentwood estimated "additional rent" payments for the first year of the lease would amount to $1,272 per month. Based on Brentwood's estimate, the total rental payment due from Sibley, P.C. to Brentwood during the first year of the lease was approximately $5,853.50.

Sibley, P.C. moved into Tuscany Park prior to October 1, 2001. Thereafter, Sibley, P.C. failed to make full rent payments for thirty-eight months between October 2001 and November 2005. According to Brentwood records, Sibley, P.C. made partial base rent payments in July, August, and September 2004.

Brentwood filed suit against Sibley, P.C. for breach of contract on March 18, 2008. Brentwood alleged that the lease document was executed by both parties on August 31, 2001, and that Sibley, P.C. breached the lease by failing to make rental payments between October 1, 2001 and November 1, 2005. Based on the rental payment provisions and estimates provided in the lease, Brentwood alleged that Sibley, P.C. owed $214,933 in unpaid base and additional rent. The petition also included claims for attorney's fees and pre- and post-judgment interest.

Sibley, P.C. filed a general denial on April 25, 2008, and the case proceeded under a level three discovery plan. On March 25, 2009, Brentwood filed a motion for final summary judgment on its breach of contract cause of action. In support of its motion, Brentwood submitted several

exhibits, including an affidavit by Mr. Sam Parigi, Jr., President of Parigi Investments, Inc., Tuscany Park's property manager. Brentwood also submitted a copy of the August 31, 2001 lease agreement, copies of Requests for Admissions made to Sibley P.C. on November 14, 2008, and Sibley, P.C.'s response to those requests dated January 9, 2009.

After amending the discovery control plan by an agreed order, Sibley, P.C. filed an amended original answer on August 4, 2009. In the amendment, Sibley, P.C. asserted several affirmative defenses; contract illegality, laches, statutes of frauds, limitations, and waiver.[1] The following day, Sibley, P.C. filed a summary judgment response. Sibley, P.C.'s primary argument is focused on Brentwood's evidence that an enforceable contract existed between the parties. Specifically, Sibley, P.C. alleged that Brentwood's failure to sign the lease document raised at lease a genuine issue of fact regarding the existence of an enforceable agreement. In addition, Sibley, P.C. argued that Mr. Parigi's affidavit was defective, and therefore unable to support a summary judgment, because the affidavit failed to establish that Mr. Parigi had personal knowledge of the facts contained in the affidavit. In the alternative, the lessee argued that the affidavit itself created a fact issue by naming a non-party "Brentwood Investment Development Co., Inc." as the lessor. The response also referenced Sibley, P.C.'s statutes of frauds and limitations defenses.[2] Subsequently, Brentwood filed an amendment to Mr. Parigi's affidavit, in

---

[1] Sibley filed a hybrid motion for summary judgment on the statute of frauds and limitations defenses. The motion does not include supporting evidence. There is no record that the trial court considered or ruled on the motion prior to the final summary judgment.

[2] Simultaneously with its summary judgment response, Sibley, P.C. also filed a motion to set aside the deemed admissions which resulted from its failure to timely answer Brentwood's November 14, 2008 requests for admissions. The trial court granted Sibley, P.C.'s motion by written order on October 29, 2009. The order has not been challenged as part of this appeal.

which Mr. Parigi specifically refers to "Brentwood Investment Development Co., L.P." as Tuscany Park's owner. The trial court granted Sibley, P.C.'s motion to set aside any deemed admissions by written order on October 29, 2009. On November 24, 2009, the court rendered final summary judgment in favor of Brentwood awarding $214,933, plus pre and post-judgment interest, and $5,500 for attorney's fees. Sibley, P.C. appeal's raising a single issue in which it contends the trial court entered the final summary judgment in error.

An appellate court reviews summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standard of review for a traditional summary judgment is well established. *See* TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The question presented is whether the movant has carried its burden to establish that there is no genuine issue of material fact, so that judgment should be granted as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). When reviewing a traditional summary judgment motion, the appellate court will take as true all competent evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *See Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A traditional motion for summary judgment must stand on its own merits, there is no right to a traditional summary judgment by default. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In the case before us, Brentwood moved for summary judgment on its own breach of contract cause of action. The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance, or tendered performance by the claimant; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Abraxas*

-4-

*Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex.App.--El Paso 2000, no pet.). In response, Sibley, P.C.'s arguments are limited to the existence of a valid and enforceable contract. With Sibley, P.C.'s alleged deemed admissions set aside, Brentwood offered the August 31, 2001 lease document, signed by Thomas J. Sibley, and the amended affidavit executed by Mr. Parigi to establish that an enforceable written agreement existed as a matter of law. Sibley, P.C. argues a fact issue remains as to the existence of an enforceable agreement on two grounds. First, Sibley, P.C. contends a fact issue remains due to Brentwood's representative's failure to affix a signature to the agreement. Second, Sibley, P.C. contends that Mr. Parigi's affidavit is defective, or raises a fact issue, as it refers to a third entity, Brentwood Development Co., Inc. as Tuscany Park's owner. With regard to Mr. Parigi's affidavit, we note that the amended version specifies that "Brentwood Development Co., L.P." is the owner of Tuscany Park. There is no record of an objection to the amended affidavit, and the document also includes testimony that Sibley took possession of the office space in Tuscany Park, as identified by the lease document, and occupied the space through August 2009. As Brentwood corrected the alleged defect in Mr. Parigi's affidavit, and as Sibley, P.C. has not raised any objection to the amended evidence, we disagree that the affidavit creates a fact issue as to the existence of an enforceable agreement.

Next, we turn to Sibley, P.C.'s argument that the August 31, 2001 lease document is not enforceable because it was never signed by a Brentwood representative. Without the signature, Sibley, P.C. concludes there is a fact issue regarding the existence of an enforceable written agreement. A valid contract is created by: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) mutual consent to the terms by both parties; and (5) execution and delivery of the

contract with the intent that it be mutual and binding. *Prime Prod., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.--Houston [1st Dist.] 2002, pet. denied). Generally, parties can indicate their intent to create a mutually binding contract by signing the contract documents. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). However, the absence of a party's signature does not necessarily destroy an otherwise valid contract. *ABB Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc.*, 115 S.W.3d 287, 292 (Tex.App.--Corpus Christi 2003, pet. denied). A party may accept a contract, and indicate its intent to be bound to the terms by acts and conduct in accordance with the terms. *Augusta Dev. Co. v. Fish Oil Well Serv. Co., Inc.*, 761 S.W.2d 538, 544 (Tex.App--Corpus Christi 1988, no writ).

In this instance, although Brentwood did not sign the agreement, the uncontested evidence indicates that the parties proceeded with the lease as though the lease had been fully executed. There is no dispute that Sibley occupied the space defined in the lease, and operated a law firm from the premises, and made several partial payments of base rent. Likewise, there is no dispute that Brentwood, continually operated and maintained Tuscany Park, including Sibley's offices in accordance with the lease terms. As such, the failure by Brentwood to sign the lease document does not create a fact issue as to the parties' mutual assent to the agreement, or the instrument's enforceablity against Sibley, P.C. *See Sonnichsen*, 221 S.W.3d at 635. Sibley's argument that a fact issue due to Brentwood's failure to sign the lease is overruled.

We now turn briefly to Sibley, P.C.'s limitations and statute of frauds defenses. When, as in this case, the claimant moves for traditional summary judgment on its own cause of action, the claimant is entitled to judgment by establishing all the elements of its claim as a matter of law. *Fry v. Comm'n for Lawyer Discipline*, 979 S.W.2d 331, 334 (Tex.App.--Houston [14th Dist.]

1998, pet. denied). If the claimant is able to meet its burden and establish the essential elements of its cause of action as a matter of law, the defendant cannot defeat the motion by blanket assertion of its affirmative defenses. *See Brown v. Aztec Rig Equipment, Inc.*, 921 S.W.2d 835, 845 (Tex.App.--Houston [14th Dist.] 1996, writ denied). At a minimum, the defendant must come forth with evidence raising a fact issue on each element of the defense to avoid summary judgment. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). In order for Sibley, P.C.'s defenses to provide a basis for the trial court to deny Brentwood's motion, Sibley was required to assert the defenses, support them with evidence, and obtain rulings. *See* Tex.R.Civ.P. 166a(c); *Brownlee*, 665 S.W.2d at 112. Sibley asserted its affirmative defenses only in relation to the essential elements of Brentwood's cause of action, and specifically in support of its argument that there was no contract to support Brentwood's claim. Without more, Sibley, P.C.'s defensive arguments were not sufficient to defeat the motion. *See Brown*, 921 S.W.2d at 845.

With regard to the statute of frauds defense specifically, Sibley, P.C.'s argument was based on the conclusion that a written agreement did not exist between the parties based on Brentwood's failure to sign the lease. As we have concluded that the omission of the lessor's signature was not fatal to the lease's enforceablity, Sibley, P.C.'s statute of frauds argument is without merit. Similarly, Sibley, P.C.'s remaining challenges to the trial court's judgment also rely on its conclusion that the lease document did not constitute an enforceable written contract. Having concluded that Sibley, P.C. has not raised a genuine issue of material fact regarding the existence of an enforceable written agreement, the balance of Sibley, P.C.'s arguments related to the lease as a basis for contractual liability are also overruled. Accordingly, we overrule the

remainder of Issue One.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


September 7, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.