**Opinion issued March 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00267-CV

_____

## DORIA GUTIERREZ, Appellant

## V.

## ROBERT DRAHEIM, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Bexar County, Texas[1]**
**Trial Court Case No. 384864**

---

## MEMORANDUM OPINION

Appellant, Doria Gutierrez, challenges the trial court's rendition of summary

judgment in favor of appellee, Robert Draheim, in his forcible-detainer action

---

[1]     The Supreme Court of Texas, pursuant to its docket equalization authority, transferred the appeal to this Court. *See* Misc. Docket No. 14–9074 (Tex. Mar. 18, 2014); TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer).

against her.[2]  In four issues, Gutierrez contends that the trial court erred in granting Draheim summary judgment, awarding him unpaid rent and attorney's fees, and not granting her motion to abate.[3]

We affirm in part and reverse and remand in part.

## Background

Draheim filed, in a Bexar County justice court, a "Complaint for Forcible Detainer," seeking to evict Gutierrez from a home located at 3011 Eagle Ridge Drive, San Antonio, Texas (the "property").  In his complaint, Draheim, who identified himself as the owner of the property, alleged that although a district court, on May 18, 2006, had "entered a judicial foreclosure of the property . . . against Gutierrez [and] in favor of Draheim," she did not vacate the property.  Subsequently, on April 5, 2012, Draheim purchased the property at a foreclosure sale at the Bexar County Courthouse.  Gutierrez had been first given proper notice to vacate the property by constructive notice of judicial order on May 18, 2006, and then by public

---

[2]     Several different spellings of parties' names appear in the record.  Our style of the case is in accord with the trial court's summary-judgment order.  *See Strobel v. Marlow*, 341 S.W.3d 470, 471 n.1 (Tex. App.—Dallas 2011, no pet.).

[3]     We note that, in her brief, Gutierrez lists five "[r]eview [p]oint[s]."  However, "[r]eview [p]oint [n]o. 5" does not actually appear to be a point of error.  *See* TEX. R. APP. P. 38.1(f) (requiring appellant to present issues or points for review); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (appellant raises issue when she directs reviewing court to error); *Point of Error*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "point of error" as "[a]n alleged mistake by a lower court asserted as a ground for appeal").

2

notice of sale on March 7, 2012. In addition to possession, Draheim sought unpaid rent, post-judgment interest, court costs, and attorney's fees. In her answer filed in the justice court, Gutierrez raised the affirmative defenses of statute of limitations and laches. After a trial, the justice court entered judgment of possession in favor of Draheim and ordered Gutierrez to pay him $1,800 in unpaid rent, $96 in court costs, and $100 in attorney's fees.

After Gutierrez appealed the judgment of the justice court to the county court for a trial de novo, Draheim moved for summary judgment, asserting that he was entitled to judgment on his forcible-detainer cause of action as a matter of law. In her response to Draheim's motion, Gutierrez again asserted the affirmative defenses of statute of limitations and laches. After a hearing, the county court granted Draheim summary judgment and ordered Gutierrez to surrender possession of the property and pay Draheim $1,800 in unpaid rent, $96 in court costs, and $100 in attorney's fees.

## Standard of Review

To prevail on a summary-judgment motion, a movant has the burden of establishing that he is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for summary judgment on his own claim, he must conclusively prove all essential elements of his cause of action. *Rhone–*

*Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). If the plaintiff meets his burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). To defeat summary judgment by raising an affirmative defense, the nonmovant must urge the defense in her response to the summary-judgment motion and present summary-judgment evidence to create a fact issue on each element of her defense. *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Anglo-Dutch*, 193 S.W.3d at 95. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). The mere pleading of an affirmative defense will not, without more, defeat a motion for summary judgment. *Am. Petrofina*, 887 S.W.2d at 830.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, "a trial court's order granting summary judgment does

4

not specify the grounds relied upon, [we] affirm [the] summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

## Affirmative Defenses

In her first and second issues, Gutierrez argues that the trial court erred in granting summary judgment in favor of Draheim because the trial court "failed to properly apply" her affirmative defenses of statute of limitations and laches.[4]

### *Statute of Limitations*

In regard to the applicable statute of limitations, "a person must bring suit for . . . forcible detainer not later than *two years* after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2015) (emphasis added). A forcible-detainer action "accrues" when a person refuses to surrender possession of real property after the person entitled to possession delivers a proper written demand for possession. *See* TEX. PROP. CODE ANN. § 24.002

---

[4] In her appeal, Gutierrez does not contend that Draheim failed to meet his summary-judgment burden by conclusively proving all the essential elements of his forcible-detainer cause of action. *See* TEX. R. CIV. P. 166a(c). And we will not "sua sponte address appellate issues and arguments that [appellant] might have raised, but did not." *Moore v. Brown*, 408 S.W.3d 423, 431 n.10 (Tex. App.—Austin 2013, pet. denied); *see also Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error. In the review of a civil case, an appellate court has no discretion to consider an issue not raised in an appellant's brief.").

(Vernon 2014); *Herve v. Fed. Home Loan Mortg. Corp.*, No. 03-13-00607-CV, 2014 WL 5420535, at *3 (Tex. App.—Austin Oct. 24, 2014, no pet.) (mem. op.); *see also Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 235–36 (Tex. App.— Houston [14th Dist.] 2014, no pet.) ("[A] new and independent cause of action for forcible detainer arises each time a person refuses to surrender possession of real property after a person entitled to possession of the property delivers a proper written notice to vacate."). Thus, in order to establish when a forcible-detainer action accrued, a party must show (1) *when* the person entitled to possession of the property became entitled to possession, (2) *when* that person made his demand for possession, and (3) *when* the recipient of that person's demand refused to surrender possession. *See Jones v. Am. Fed. Bank, F.S.B.*, No. 05-91-00634-CV, 1992 WL 32961, at *2 (Tex. App.—Dallas Jan. 30, 1992, writ dism'd w.o.j.) (not designated for publication); *see also* TEX. PROP. CODE ANN. § 24.002.

In her response to Draheim's summary-judgment motion, Gutierrez argued that because his cause of action for forcible detainer accrued on May 18, 2006, "the [date the] property was judicially foreclosed upon," the statute of limitations "ran several years before" he actually filed his forcible-detainer action "in 2012." However, Gutierrez attached no evidence to her response in support of her affirmative defense of limitations. *See Brownlee*, 665 S.W.2d at 112. Instead, her summary-judgment evidence consisted merely of her own affidavit, in which she did

not state when Draheim became entitled to possession of the property, when he delivered a proper written demand for possession to Gutierrez, or if and when she refused to surrender possession of the property to Draheim.[5] *See* TEX. PROP. CODE ANN. § 24.002; *Jones*, 1992 WL 32961, at *2. In other words, in response to Draheim's summary-judgment motion, Gutierrez produced no evidence establishing that Draheim's forcible-detainer action accrued more than two years prior to his filing of the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (two-year statute of limitations); *cf. Divin v. Tres Lagos Prop. Owners' Ass'n*, No. 06-13-00124-CV, 2014 WL 3865846, at *2–4 (Tex. App.—Texarkana Aug. 7, 2014, pet. denied) (mem. op.) (defendant did not raise fact issue regarding affirmative defense of limitations because "summary judgment evidence . . . d[id] not establish the accrual date(s) of [the] cause of action"); *Hartney v. Mustang Tractor & Equip. Co.*, No. 04-03-00108-CV, 2004 WL 86140, at *3–4 (Tex. App.—San Antonio Jan. 21, 2004, no pet.) (mem. op.) (defendant "failed to present evidence that would raise a

---

[5] We note that Gutierrez also attached to her response Draheim's summary-judgment motion and its accompanying exhibits. However, neither Draheim's motion nor his summary-judgment evidence establish that his forcible-detainer action accrued on May 18, 2006, as Gutierrez contends. *Cf. Divin v. Tres Lagos Prop. Owners' Ass'n*, No. 06-13-00124-CV, 2014 WL 3865846, at *2–4 (Tex. App.—Texarkana Aug. 7, 2014, pet. denied) (mem. op.) (neither defendant's summary-judgment response nor summary-judgment evidence submitted by plaintiff established accrual dates for plaintiff's cause of action).

genuine fact issue" because he did not "come forward with summary judgment evidence establishing *when* the limitations period commenced").

Gutierrez's summary-judgment response includes only a bare assertion that the statute of limitations for Draheim's forcible-detainer cause of action began to run on May 18, 2006. This assertion, standing alone, did not create a fact issue on each element of her affirmative defense. *See Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("To defeat summary judgment by raising an affirmative defense, the nonmovant must do more than just plead the affirmative defense. . . . [She] must come forward with evidence sufficient to raise a genuine issue of material fact on each element of h[er] affirmative defense."); *Thomas J. Sibley, P.C. v. Brentwood Inv. Dev. Co.*, 356 S.W.3d 659, 644 (Tex. App.—El Paso 2011, pet. denied) ("[T]he defendant cannot defeat [a plaintiff's summary-judgment motion with a] blanket assertion of its affirmative defenses."); *Couturier v. Tex. State Bank*, No. 12-03-00013-CV, 2005 WL 1982319, at *2–3 (Tex. App.—Corpus Christi Aug. 18, 2005, no pet.) (mem. op.) (defendants "did not raise a fact issue to defeat [plaintiff's] motion for summary judgment" because they did not "present any evidence or affidavits" on statute-of-limitations defense).

*Laches*

Laches is an equitable defense that prevents a plaintiff from asserting a claim due to delay—"not mere delay but delay that works a disadvantage to another." *Culver v. Pickens*, 176 S.W.2d 167, 170–71 (Tex. 1943) (internal quotations omitted).  Two essential elements must exist for laches to bar a claim:  (1) a party's unreasonable delay in asserting a legal or equitable right and (2) a good-faith change of position by another to her detriment because of the delay.  *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *Lyle v. Jane Guinn Revocable Trust*, 365 S.W.3d 341, 355 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).  As a general rule, laches does not bar a plaintiff's suit before the statute of limitations has run, unless estoppel or "extraordinary circumstances" are present.  *See Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *Green v. Parrack*, 974 S.W.2d 200, 204 (Tex. App.—San Antonio 1998, no pet.).

In her response to Draheim's summary-judgment motion, Gutierrez asserted that Draheim "had ample knowledge of his rights" regarding the property beginning in 2006 and "should have done something to buoy his rights before an eviction that was in effect 4+ years late filed."  Gutierrez also asserted that she "put substantial effort into the property since the delay . . . started."

Again, however, Gutierrez did not present sufficient summary-judgment evidence to support her affirmative defense of laches.  In particular, she produced

no evidence establishing an unreasonable delay by Draheim or a good-faith detrimental change of position on her part. *See Rogers*, 772 S.W.2d at 80; *Lyle*, 365 S.W.3d at 355. Instead, in her affidavit, attached to her response, Gutierrez admitted that she knew that Draheim "own[s] [the] house" at issue in this case. And yet, she still "spent tens of thousands of dollars on the property." *Cf. Green*, 974 S.W.2d at 204 (party did not "establish her affirmative defense of laches" where she "was aware . . . that she had no right of ownership in eight inch strip of land" and yet constructed fence); *City of Hous. v. Muse*, 788 S.W.2d 419, 422 (Tex. App.—Houston [1st Dist.] 1990, no writ) (party could not establish "a good faith, detrimental change" where party knew remodel would violate deed restrictions in place). Further, Gutierrez presented no evidence establishing that the statute of limitations had expired on Draheim's forcible-detainer action or that there was an "unreasonable delay" in Draheim's assertion of his rights. *See Caldwell*, 975 S.W.2d at 538; *Green*, 974 S.W.2d at 204.

Because Gutierrez failed to present sufficient summary-judgment evidence to create a fact issue on each element of the affirmative defenses that she urged in her summary-judgment response, we hold that the trial court did not err in granting Draheim summary judgment in his forcible-detainer action.

We overrule Gutierrez's first and second issues.

## Unpaid Rent and Attorney's Fees

In her third issue, Gutierrez argues that the trial court erred in awarding Draheim unpaid rent and attorney's fees because he did not seek them in his summary-judgment motion or attach any evidence to his motion to support the trial court's award.[6]

In its judgment, the trial court ordered Gutierrez to pay Draheim $1,800 in unpaid rent and $100 in attorney's fees. However, as noted by Gutierrez, Draheim, in his summary-judgment motion, did not request unpaid rent or his attorney's fees. And he did not present any summary-judgment evidence to support the trial court's award. *See Khai Ngoc Tran v. Coastal Seafood & Grocery*, No. 09-11-00668-CV, 2013 WL 772838, at \*3 (Tex. App.—Beaumont Feb. 28, 2013, no pet.) (mem. op.) (trial court erred in granting plaintiff summary judgment because "no affidavit or other summary judgment evidence established . . . the amount of damages"); *Wande v. Pharia, L.L.C.*, No. 01-10-00481-CV, 2011 WL 3820774, at \*5 (Tex. App.— Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) (trial court erred in granting summary judgment because plaintiff "did not present evidence conclusively establishing the amounts that it claimed it was owed and that the trial court awarded in its summary judgment"); *Van Es v. Frazier*, 230 S.W.3d 770, 784 (Tex. App.—

---

[6] Gutierrez does not challenge the trial court's ability to award unpaid rent and attorney's fees in a forcible-detainer action.

11

Waco 2007, pet. denied) (trial court erred in awarding attorney's fees because plaintiffs "did not request attorney's fees in their summary judgment motion" and "presented no summary-judgment evidence which would support an award of attorney's fees").

Simply put, Draheim did not attach to his summary-judgment motion evidence establishing the amount of unpaid rent that Gutierrez owed or an affidavit from his attorney averring to the work he did on the case, the amount he charged, and the usual and customary fees incurred in a forcible-detainer action. *See David v. David*, No. 01-09-00787-CV, 2011 WL 1326222, at \*5–6 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, no pet.) (mem. op.) (trial court record contained "no evidence" of attorney's fees where plaintiff "did not attach bill from her attorney to . . . her summary judgment motion," "did not attach an affidavit from her attorney averring to the work he did on the case, the amount he charged, or the usual and customary fee[]," and "attorney did not testify about his fee or work on the case"); *cf. Serrano v. Ryan's Crossing Apartments*, No. 08-03-00369-CV, 2004 WL 2634293, at \*1–2 (Tex. App.—El Paso Nov. 18, 2004, pet. dism'd w.o.j.) (mem. op.) (plaintiff "conclusively established each element of its claim" where it "offered an affidavit . . . stating that the [defendant] owed $3,803.22 for rent and other charges").

12

And, although Draheim included in his "Complaint for Forcible Detainer" a request for unpaid rent and attorney's fees in an unspecified amount, his complaint does not constitute evidence in support of the trial court's award. *See David*, 2011 WL 1326222, at *6 (petition and motion for summary judgment not evidence of attorney's fees).

Accordingly, we hold that the trial court erred in awarding Draheim $1,800 in unpaid rent and $100 in attorney's fees.

We sustain Gutierrez's third issue.[7]

**Abatement**

In her fourth issue, Gutierrez argues that the trial court erred in "failing to grant [her] Motion to Abate" Draheim's forcible-detainer action because "[t]here [were] . . . questions as to ownership" of the property and another case between Gutierrez and Draheim was "pending." In response, Draheim asserts that Gutierrez has not preserved this issue for appellate review.

---

[7] In her third issue, Gutierrez also contends that the trial court erred in awarding Draheim post-judgment interest in the amount of eighteen percent. Having held that the trial court erred in awarding Draheim $1,800 in unpaid rent and $100 in attorney's fees, we need not address this contention. *See* TEX. R. APP. P. 47.1; *Lawler v. DiGiuseppe*, No. 05-09-01468-CV, 2011 WL 1818503, at *3 (Tex. App.—Dallas May 13, 2011, pet. denied) (mem. op.) ("We need not reach this issue with respect to post-judgment interest on the $200,000 earnest money award we now reverse.").

13

To preserve a complaint for our review, the record must show that a party presented the complaint to the trial court through a timely request, objection, or motion, stating the specific grounds for the desired ruling, if not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 100, 122 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Grace Interest*, 431 S.W.3d at 122.

Here, the record reflects that Gutierrez twice filed in the trial court the same "Motion to Abate Case." However, the record does not reflect that the trial court ruled on Gutierrez's motion or that she objected to the court's refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Grace Interest*, 431 S.W.3d at 122 (appellants failed to preserve error on abatement issue where record did not demonstrate trial court ruled on motion to abate or refused to rule and appellants objected to court's refusal). The mere filing of a motion does not preserve a complaint for appeal. *Sun Tec Comp., Inc. v. Recovar Grp., LLC*, No. 05-14-00257-CV, 2015 WL 5099191, at *4 n.6 (Tex. App.—Dallas Aug. 31, 2015, no pet.) (mem. op.).

Accordingly, we hold that Gutierrez did not preserve her complaint regarding her motion to abate for appellate review.

**Conclusion**

We affirm the portions of trial court's judgment granting Draheim summary judgment on his forcible-detainer action, ordering Gutierrez to "surrender possession of the property located at 3011 Eagle Ridge Drive, San Antonio, Bexar County, Texas," and ordering the issuance of "[a]ll writs, including a Writ of Possession" "in enforcement of the Judgment." We reverse the portions of the trial court's judgment ordering Gutierrez to pay unpaid rent in the amount of $1,800 and attorney's fees in the amount of $100. We remand this case for further proceedings consistent with this opinion.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.